FREDERICK J. SHUSTER, PLAINTIFF IN ERROR, v. THE STATE OF NEW JERSEY, DEFENDANT IN ERROR.

Argued June 7, 1898—Decided November 7, 1898.

1. Formal defects in an indictment, to which no objection was taken, by demurrer or motion to quash, before the jury was sworn, will not be considered on writ of error removing a conviction under the indictment.

2. A wholesale liquor dealer licensed to sell spirituous, malt and other liquors at a designated place in Camden county, was accustomed to fill orders from Gloucester county, where he had no license, sending the goods by his own delivery wagon. The driver of this wagon would furnish customers, under general orders, with bottled beer from a common stock carried in the wagon, collecting the price on delivery. *Held*, under indictment of the driver for unlicensed sale of liquors, that the transactions last stated constituted sales in Gloucester county and were indictable.

3. When an attempt is made to impeach a witness at a trial, evidence of his reputation for veracity, in a former place of residence eighteen years before, may properly be excluded.

On error to the Gloucester Sessions.

Before Justices DIXON, LUDLOW and COLLINS.

For the plaintiff in error, *Robert S. Clymer.*

For the state, *Lewis Starr*, prosecutor of the pleas.

The opinion of the court was delivered by

COLLINS, J.   Reversal is sought of a judgment of conviction upon the following indictment:

"Gloucester county, to wit: The grand inquest of State of New Jersey and for the body of the county of Gloucester, upon their respective oath and affirmation, those affirming having first alleged themselves conscientiously scrupulous of taking an oath, present that Frederick A. Shuster, junior, late of the city of Woodbury, in the said county of Gloucester, on the first day of November, in the year of our Lord one

thousand eight hundred and ninety-five, and at divers other days and times between that day and the day of taking this inquisition, with force and arms, at, in, around, about and from a certain wagon or wagons, or other perambulatory conveyance or conveyances, in, along and upon certain of the public roads and highways and divers other public and private places in the county aforesaid and within the jurisdiction of this court, unlawfully and habitually did sell and expose for sale, and cause and knowingly permit to be sold and exposed for sale to Henry Smith, Benjamin Murray, Alexander Bonsack, William Smith and other persons whose names are to this grand inquest as yet unknown, certain spirituous, vinous, malt, brewed and intoxicating liquors, without a license for that purpose first had and obtained, according to the statute in such case made and provided, and that said habitual sales in the manner aforesaid of the said spirituous, vinous, malt, brewed and intoxicating liquors was contrary to law, to the great damage and common nuisance of all the citizens of the State of New Jersey there inhabiting, being, residing and passing, and contrary to the form of the statute in such case made and provided, and against the peace of this state, the government and dignity of the same."

This indictment rests not upon the act of 1869, prohibiting sales of liquor from a wagon or other ambulatory conveyance (*Gen. Stat.*, p. 1795), for that act is unconstitutional (*Mack v. State*, 36 *Atl. Rep.* 1088; 31 *Vroom* 28), but upon the Werts act of 1889. *Gen. Stat.*, p. 1810. By that statute the unlicensed sale of any of the liquors named in its title is made penal and the offence is designated as "keeping a disorderly house." Inapt as the designation may seem, it includes sales from a wagon on the highway, and the offence may arise from a single sale. *Parker* v. *State*, 32 *Vroom* 308. In other words, the common law offence of keeping a disorderly house is enlarged by this act, but its consequences remain the same. For punishment, therefore, the court is relegated, as before the change, to the provisions of the law as to nuisances and other offences indictable at common law.

*Crimes Act, Gen. Stat., p.* 1083, § 192.    By the act of 1893 (*Gen. Stat., p.* 1101), where the offence of keeping a disorderly house consists wholly in the unlawful sale of liquor, the indictment is required to be in form for the sale of intoxicating liquors contrary to law.    This language has been declared by this court to be not a formula, but a requirement, to state facts showing the sale to be contrary to law.    *Rogers* v. *State,* 29 *Vroom* 220.    The offence still continues to be the keeping of a disorderly house within the Werts act, but that designation is to be omitted from the indictment.    Attack is made by the plaintiff in error upon the judgment before us, because, while the indictment was for the illegal sale of liquor, the conviction was permitted by the judge's charge to be of the offence of keeping a disorderly house.    There is no force in this contention.    If, by reason of lack of certainty of place, the indictment did not charge the common law offence so designated, it did charge such offence as designated by the Werts act and as embraced within the directions of the act of 1893.    The defendant was not harmed by the pleader's limiting the charge, and consequently the proof, to habitual sale.    We should not be understood as approving the form of this indictment.    It should have been more specific and clear in its charge, but under the Criminal Procedure act, objections of that nature must be taken before the jury is sworn.    *Gen. Stat., p.* 1130, § 53 ; *Mead* v. *State,* 24 *Vroom* 601.    This record shows no such objection.

The conviction is chiefly assailed because of alleged error of the trial judge in declaring the essentials of a legal sale of chattels.    The defendant had no license to sell liquors, but drove a wagon for his father, who held a license to sell, at a designated place in the city and county of Camden, spirituous, vinous, malt and brewed liquors in quantities from one quart to five gallons.    It was claimed by the defence that the defendant did not sell in Gloucester county, but only delivered there goods sold by his father in Camden.    The sales were for cash on delivery, and the defendant had no authority to deliver except on receipt of the price.    In many cases

the goods were not segregated for the purchaser, but were furnished, on general weekly orders, by defendant from the common stock in his wagon.   The trial judge correctly stated the law on the subject of sales, and left to the jury the question of when title had passed, and instructed them that if title had passed in Camden there was no legal offence in the delivery of goods in Gloucester county.   The abstract requests to charge, as far as applicable. to the facts in controversy, were sufficiently and properly dealt with by the judge.   They were really irrelevant.   There can be no doubt that in many of the transactions admitted by the defendant, title passed in Gloucester county, and therefore that sales, within the prohibition of the statute, were habitually made there.

The only other matter assigned for error is the refusal of the court to permit proof of the reputation for veracity of certain witnesses for the state, at the time of their residence in another town than their present home, some eighteen or twenty years ago.   These witnesses had testified to direct sales to themselves in Gloucester county, and the defendant had denied such sales.   The present reputation of a witness is all that is pertinent when he is impeached.   Considerable range of time and place is permissible, but how wide a range is largely a matter of discretion with the court.   29 *Am. & Eng. Encycl. L.* 802.   In this case the time embraced in the inquiry was unquestionably too remote.

Let the judgment be affirmed.