MARY GILMORE ET AL. v. CHRIST HOSPITAL (A CORPORATION) AND GORDON K. DICKINSON.

Submitted March 21, 1902—Decided June 9, 1902.

1. A plaintiff cannot join in one action distinct claims against several defendants. It is a misjoinder of causes of action for which general demurrer will lie.
2. Each count of a declaration must contain a complete cause of action. Unless the second count expressly refers to the first, no defect therein will be aided by the preceding count, for though

both counts are in the same declaration, yet they are as distinct as if they were in separate declarations, and consequently they must contain all necessary allegations, or the latter count must expressly refer to the former.

3. Where a count refers to two prior counts without specifying which, and one of the counts referred to is demurrable, no legal cause of action is shown. A legal basis of recovery must appear affirmatively by referring expressly to the good count.

On demurrer to *narr*.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *Thomas F. Noonan, Jr.*

For the defendants, *Crouse & Perkins* and *Lewis, Besson & Stevens.*

The opinion of the court was delivered by

VAN SYCKEL, J. The first count of the declaration sets out a cause of action against both defendants and also a cause of action against the defendant Dickinson alone.

This is a misjoinder of causes of action, and is the subject of general demurrer.

A plaintiff cannot join in one action distinct claims against several defendants. *Wills* v. *Shinn,* 13 *Vroom* 138; 2 *Saund.* 117a; *Hancock* v. *Haywood,* 3 *T. R.* 433; *Drummond* v. *Dorant,* 4 *Id.* 360; 1 *Chit. Pl.* 199, 206; *Gould Pl.,* ch. 4, §§ 97, 98.

The demurrer to this count is sustained.

The third count of the declaration does not allege any facts which will constitute a cause of action, but avers that "by reason of the aforesaid wrongs and injuries" the plaintiff has suffered damage.

Each count must contain a complete cause of action. The reference to the previous counts cannot in this case avail the plaintiff. He does not specify to which count he refers. If he relies upon the statement of alleged wrongs in the first

count, the third count is tainted with the vice of the first count. Each count must show affirmatively a legal basis of recovery.

Unless the second count expressly refers to the first, no defect therein will be aided by the preceding count, for though both counts are in the same declaration, yet they are as distinct as if they were in separate declarations, and conse-quently they must independently contain all necessary allegations or the latter count must expressly refer to the former. 1 *Chit. Pl.* *397.

No legal ground of action being set forth in the third count, the demurrer to that count is also well taken.