THE STATE, DEFENDANT IN ERROR, v. OTTO KIND AND CHARLES KIND, PLAINTIFFS IN ERROR.

Submitted February 16, 1909—Decided February 21, 1910. ·

Defendant was convicted in Cumberland county of selling intoxicating liquor without a license. It appeared that he had his place of business in Atlantic county and held a license there entitling him to sell bottled beer to be drunk elsewhere than on his premises; that customers in Cumberland county sent orders to him by mail, making payment in advance, and the practice was to deliver the beer to them from a stock on defendant's wagon in Cumberland county. *Held*, that a charge to the jury that if defendant assumed the duty of delivering the goods at a particular place, he did not consummate the sale until the delivery of the goods at that place, was not erroneous.

On error to Cumberland Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and PARKER.

For the plaintiff in error, *Garrison & Voorhees*.

For the defendant in error, *J. Hampton Fithian*, prosecutor of the pleas.

The opinion of the court was delivered by

PARKER, J.   The plaintiffs in error were indicted jointly for selling malt, vinous and spirituous liquors without a license.

The first two counts charge the illegal sale to certain individuals named therein; the third count charges the habitual illegal sale in accordance with section 74 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 894), while the fourth count charges a violation of the "Morris law," approved April 10th, 1908 (*Pamph. L., p.* 221), amending the act *Pamph. L.* 1895, *p.* 750, and which in substance provides by section 1 a license fee of not less than $100 for beer bottlers or sellers of bottled

beer; provided that holders of so-called "wholesale licenses" for sale of spirituous, vinous, malt or brewed liquors in quantities from one quart to five gallons not to be drunk on the premises where sold, shall be exempt from the provisions of the act; and by section 3, as amended, further provides that from and after thirty days next succeeding the passage of the act, every person except those mentioned in the above proviso carrying on the business specified in section 1 without license shall be deemed guilty of a misdemeanor, &c. There was a general verdict of guilty, and the entire record of the proceedings is returned under section 136 of the Criminal Procedure act of 1898 (*Pamph L., pp.* 866, 915), but without any specification of causes for reversal as required by section 137 of that act. We are therefore not called upon to consider any alleged errors except those brought up by the exceptions and assignments of error or appearing on the face of the record. *State* v. *Young,* 38 *Vroom* 223, 226; *State* v. *Shutts,* 40 *Id.* 206; *State* v. *MacQueen, Id.* 522; *State* v. *Lyons,* 41 *Id.* 635, 639; *State* v. *Miller,* 42 *Id.* 527, 529; *State* v. *Herron,* 48 *Id.* 523. This disposes of all the assignments of error, except the second, third and fourth, based on exceptions to the charge; and the tenth, that the "record fails to disclose on which count, if any, of the indictment defendants or either of them were convicted." As to this last, it is sufficient to say that a general verdict of guilty operates as a conviction on all the counts, and there was evidence justifying a conviction on every count and the sentence imposed is justified under any count. See *State* v. *Mount,* 43 *Vroom* 365.

The second assignment of error is as follows:

Because the trial judge erred in saying in his charge "the state contends that there has been a violation of the statute inasmuch as they have peddled beer in the borough of Vineland, contrary to the statute and without a license," thereby incorrectly and without any evidence to support it assuming that defendants had "peddled beer without a license."

There was no assumption of fact in the portion of the charge quoted; the court was only stating what it understood the state claimed to have made out on the evidence.

The third assignment of error is:

Because the trial judge erred in charging the jury as follows: "A person sending an order to Charles B. Kind, in Atlantic county, whether accompanied with money or unaccompanied with the price, consummates the sale in Atlantic county, provided that the vendor, Charles B. Kind, does not assume any further duty regarding the goods sold. If Charles B. Kind assumed a further duty regarding the goods sold, such as the delivery of the goods at a particular place, then he did not consummate the sale until the delivery of the goods at the designated place."

There was no particular controversy about the facts. It is conceded that the evidence showed that Charles Kind conducted, and still conducts, a wholesale and retail establishment on Wheat road, in Atlantic county, being duly licensed by the court of Atlantic county for the sale of intoxicating liquors. Otto Kind was an employe of Charles Kind, hired at a daily wage to drive a wagon for his father and to deliver beer for him.

People in Vineland were accustomed to, and had for years been in the habit of, buying beer from Charles Kind, and during the period shown by the testimony the method of doing business was as follows:

The inhabitants of Vineland (which is without licensed hotels), when wanting beer, would place their order in an envelope addressed to Charles Kind, Wheat road, Atlantic county, accompanied by the money to pay for same, specifying the amount wanted. Upon receipt of this money and said order, which came by mail by rural free delivery service direct to his establishment on Wheat road, Atlantic county, Charles Kind would cause the beer to be delivered, usually by his son, Otto Kind, to the purchaser in Vineland.

This statement of facts is quoted directly from the brief of plaintiff in error. Particular sales, according to this practice, were duly testified to; and the question at the trial was whether the sales were made in Atlantic county, where defendant Charles Kind had a license, or in Cumberland county, wherein Vineland is situate, and where he had no license. We

think the position taken by the trial court as to the test of the place of sale was correct. It was manifest that the delivery to purchasers in Vineland was an essential feature of the contract of sale and so understood by both seller and purchaser. The goods delivered were taken out of common stock in Charles Kind's wagon. It has already been held in this court that the driver of such a wagon, collecting the price on delivery in one county, is not protected by his employer's license in another. *Shuster* v. *State,* 33 *Vroom* 521. Other authorities to the same effect are collected in 23 *Cyc.* 186. In the case at bar, the payments were sent by mail with the orders, but we think the place of sale was controlled not by that fact but by the consideration that if delivery in Cumberland county from the seller's wagon was essential to complete the transaction, the place of sale was the place of delivery. 24 *Encycl. L.* (*2d ed.*) 1050; 17 *L. R. A.* 181, *note; Com.* v. *Burgett,* 136 *Mass.* 450. Sales act, *Pamph. L.* 1907, *pp.* 318, 319, § 19 and rule 5. To the contrary is *Com.'* v. *Hess,* 148 *Pa. St.* 98; 17 *L. R. A.* 176, relied on by plaintiff in error, but we consider the rule adopted in Massachusetts to be the better one. There was no error therefore in the portion of the charge under consideration.

The remaining assignment of error challenges the instructions given to the jury as to the guilt of Otto Kind, the son of Charles Kind, and who drove the wagon and made the deliveries. The court charged :

"Now the agent, gentlemen, is as guilty as the principal in a misdemeanor of this character. In fact he is a principal. Now, Otto Kind, in delivering for his father, became as guilty of the violation of the law as his father, Charles B. Kind. If a man violates the law in a case of this character, his intention has little to do with the offence. If he violates a law in ignorance of it, he is still guilty of violating that law. The intent in this case is not the test."

Otto Kind's connection with the sales was precisely the same as that of the defendant in *Shuster* v. *State, supra,* who was also the son and driver for the liquor dealer, and was the only person indicted. That Otto Kind aided and abetted Charles

Kind in carrying on the illegal sales is beyond question; and it is elementary that in misdemeanors all are principals. In Shuster *v.* State the point was not even raised. We think the charge in this respect was entirely correct.

This disposes of all the points that are properly assigned for error. The judgment will be affirmed.