WILLIAM B. RIDGLEY v. JOHN G. WALKER ET AL.

Argued February 28, 1911—Decided June 17, 1911.

1. A count in a declaration which sets out two independent causes of action, one against A and B jointly, and the other against A alone. is bad.

2. A bargain or promise, to be enforceable, must have been completely determined between the parties, and its terms definitely ascertained. So long as negotiations are pending over matters relating to the contract, and material to it, the contract is not completed, although as to some matters the parties to it may be agreed.

3. In order to maintain an action for breach of a contract of sale the plaintiff must either show that the terms and conditions of the sale were agreed upon by the parties, or, in case they were left for future determination, that the defendant has fraudulently refused to agree upon any terms and conditions whatever.

---

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices REED and TRENCHARD.

For the demurrant, *Robert H. McCarter* and *A. Caperton Braxton* (of the Virginia bar) on the brief, *John A. Coke* and *John S. Eggleston* (of the Virginia bar).

For the plaintiff, *Frank H. Sommer* and *Myles Dawson* (of the New York bar).

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   The declaration in this case contains two special counts to each of which the defendants demur.   The first count sets up that John G. Walker and Annie R. Walker owned and controlled one thousand three hundred and eighty-one shares of the capital stock of the Life Insurance Company of Virginia, being a majority of the total issue thereof; that on the sixth day of December, 1909, they entered into an agreement with one Munford, whereby they promised and agreed to sell at any time prior to February 15th, 1910, to a *bona fide* purchaser which the said Munford might designate, the said one thousand three hundred and eighty-one shares of stock at a price of not less than eight hundred dollars per share, upon certain terms and conditions set forth in the agreement, a copy of which is annexed to the declaration and made a part of the count by proper averments; that on the fifth day of January, 1910, the defendant John G. Walker acquired and held an option on five hundred additional shares of the capital stock of the company, with the right to buy the same at not less than eight hundred dollars per share net to the seller thereof, which option was assignable to any purchaser of said shares; that on the same day the defendant John G. Walker notified Munford that he would sell these five hundred shares upon the same terms and conditions as was to govern in the one thousand three hundred and eighty-one shares, and that Munford accepted this offer; that on the eighth day of January, 1910, Munford designated and presented the plaintiff to the defendants as the purchaser of all of the one thousand eight hundred and eighty-one shares; that the plaintiff was ready and willing and offered to purchase the said shares at a price largely in excess of the net price to the defendants of eight hundred dollars per share, to wit, for the sum of $1,000 per share; that the plaintiff was ready and willing and offered to perform all the conditions set forth in the said agreement on his

part, but that the defendants subsequently, and on the twenty-fourth day of January, 1910, did not, nor would then, or at any other time, sell and deliver the said one thousand eight hundred and eighty-one shares of stock, but wholly refused and failed so to do, to the damage of the plaintiff, &c.

This count sets out two independent causes of action—one, the breach of an alleged contract made by the two defendants jointly for the sale of one thousand three hundred and eighty-one shares of stock which they owned and controlled; the other the breach of an alleged contract subsequently made by the defendant John G. Walker alone for the sale of five hundred other shares of the stock upon which he had acquired and held an option. The one cause of action is against both defendants; the other, against John G. Walker only, for there is nothing in the averments of the declaration upon which any liability on the part of Annie R. Walker can be predicated for the breach of the second contract. This is a misjoinder of causes of action and is the subject of a general demurrer. *Gilmore* v. *Christ Hospital,* 39 *Vroom* 47. Upon this count, therefore, the defendants are entitled to judgment upon the demurrer.

For another reason, also, and a more fundamental one, the count is bad. The second provision of the contract sued upon reads as follows: "But it is distinctly understood that the terms and conditions of sale, if a sale is made, have not been agreed upon, but are hereafter to be agreed on, if an agreement be practicable, and if the terms and conditions of sale cannot be agreed on between the purchaser and said parties of the first part (*i. e.,* the Walkers), then, upon the occurrence of such disagreement, this contract, and all negotiations for a sale, shall thereupon mutually become null and void, and of none effect, without cost or expense or other liability by either party to this agreement to the other." This provision was of material benefit both to the vendors and to the vendee. It relieved the vendee from being obliged to take the stock upon terms and conditions not satisfactory to him. For instance, such vendee, after agreeing to become a pur-

chaser, could not be required by the defendants, without afterwards himself consenting thereto, to 'pay the total amount of the purchase-money in cash upon the delivery of the stock to him, or in any other manner not satisfactory to him. On the other hand, it relieved the vendors from any obligation to part with their stock, even to a willing purchaser, except upon such terms and conditions as to the sale as they should dictate. Under it they might insist that the whole purchase-money should be paid in cash upon delivery of the stock, or that it should be paid in installments at such times and in such amounts as they might designate, or that the whole payment might be postponed to a future day, and adequate security given for such payment. They might, perhaps, for the benefit of minority stockholders, require the purchaser to obligate himself not to part with the stock to a competing insurance company, or to any other person who would not take upon himself a like obligation. An agreement containing such a provision lacks the qualities and requisites of a binding contract. "A bargain or promise, to be enforceable, must have been completely determined between the parties and its terms definitely ascertained. So long as negotiations are pending over matters relating to the contract, and which the parties regard as material to it, and until they are settled, and their minds meet upon them, it is not a contract, although as to some matters they may be agreed." *Brown* v. *Brown*, 6 *Stew. Eq.* 650. In order, therefore, to enable him to maintain an action for breach of the contract sued upon, it was necessary for the plaintiff to show that, after having been accepted by the defendants as a purchaser, the terms and conditions upon which the stock was to be sold were agreed upon by the parties, and that thereafter the defendants refused to sell and deliver the stock; or else to show that the defendants had fraudulently refused to agree upon any terms and conditions of sale. *Williams* v. *Voorhees*, 51 *Vroom* 179. Nothing to this effect appears in the count under consideration. The averment that "the plaintiff was ready and willing and offered to perform all the conditions set forth in the said agreement on

his part," refers only to those terms and conditions already agreed upon, and not to those which, by the express language of the writing, were left for future negotiation and determination. Nor does the averment that "the defendants on the twenty-fourth day of January, 1910, did not, nor would then, or at any other time, sell and deliver the one thousand eight hundred and eighty-one shares of stock, but wholly refused and failed so to do," meet this requirement; for the reason that, for aught that appears to the contrary, their refusal to sell and deliver was justified by the failure of the plaintiff to come to any agreement with them as to the terms and conditions upon which the sale should be made.

The second count demurred to is similar in form to that which has just been the subject of discussion, except that it avers that the whole one thousand eight hundred and eighty-one shares were agreed to be sold, by both defendants, to a purchaser to be procured by Munford. It is, therefore, not objectionable on the ground that there is a misjoinder of causes of action. It is, however, bad upon the second ground; that is, for failure to show that after the plaintiff had been accepted by the defendants as a purchaser, he and they agreed upon the terms and conditions upon which the stock was to be sold, or, in the alternative, that the defendants' had fraudulently refused to agree upon such terms and conditions.

The defendants are entitled to judgment upon the demurrer.