STATE, DEFENDANT IN ERROR, v. JOHN UNSWORTH ET
AL., PLAINTIFFS IN ERROR.

Argued June 4, 1912—Decided March 7, 1913.

An indictment for conspiracy found on the 9th day of November, 1911,
as appeared by the endorsement thereon charged that the offence
was committed on the 6th day of October, 1909, *i. e.*, more than
two years before the finding of the indictment. The defendants
did not move to quash the indictment upon the ground that the
statute of limitations had run. At the trial it was shown that
the offence was committed on the 11th day of November, 1909,
and the indictment was amended accordingly. *Held*, that it was
not error to refuse to direct a verdict for the defendants upon
the facts appearing by the indictment. *Held, also*, that by force
of the forty-fourth section of the Criminal Procedure act the defect
in the indictment was of no avail to the defendants upon a motion
to direct a verdict. *Held, also*, that the order amending the in-
dictment to correspond with the proofs was authorized by sec-
tions 33 and 34 of the Criminal Procedure act. *Held, further*,
that if such amendment was unauthorized such error, under
section 136 of the Criminal Procedure act, would not lead to
the reversal of the judgment, no harm having come to the de-
fendants thereby.

On error to the Atlantic County Oyer and Terminer.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON
and BERGEN.

For the plaintiffs in error, *Bourgeois & Coulomb.*

For the defendant in error, *Edmund Wilson,* attorney-
general.

The opinion of the court was delivered by

GARRISON, J. The plaintiffs in error were indicted for un-
lawful conspiracy to obtain money, and upon conviction
thereof brought this writ of error, and with it have returned
the entire proceedings had upon the trial under the one hun-
dred and thirty-sixth section of the Criminal Procedure act.

The alleged error to which many of the assignments refer, viz., the finding of the indictment by an "elizor-drawn grand jury," has been determined by the court of last resort in the case of *State* v. *Zeller,* 54 *Vroom* 666, adversely to the contention of the present plaintiffs in error.

Error is assigned to the ruling of the trial court allowing the state's motion to amend the indictment by changing the date of the overt act therein charged from October 6th, 1909, to November 11th, 1909, in accordance with the proofs at the trial. The indictment having been found on November 9th, 1911, as appears by the endorsement thereon, the significance of the amendment is that it brought within the statute of limitations the essential criminal act charged in the indictment to have been committed more than two years before the finding of the indictment. The contention now is that the indictment was defective in that it placed the defendants on trial for an offence as to which the statute of limitations had run.

This question was not raised at the trial until the entire case on both sides had closed and the court was about to charge the jury, and was raised then not by the defendants but by a motion on behalf of the state to amend the indictment in the particular stated to correspond with the proofs, which showed that the overt act in question was committed at the later date, which was granted and an exception allowed to the defendants, who at the same time were allowed an exception to the refusal of the court to direct a verdict upon the indictment as found.

The two assignments of error, based upon these several exceptions, have been argued together by counsel of the plaintiffs in error, but they cannot be satisfactorily so dealt with by reason of the different considerations involved and the widely different statutory provisions applicable to each.

Taking up, first, the refusal to direct a verdict, it will be at once observed that the fact that two years had intervened between the date endorsed upon the indictment and the date mentioned therein appeared from the indictment itself, so that the defect in this respect was apparent on the face of

the indictment within the meaning of the forty-fourth section of the Criminal Procedure act, which provides that "every objection to any indictment for any defect of form or substance apparent on the face thereof shall be taken by demurrer or motion to quash such indictment before the jury is sworn and not afterwards."

The two remedies thus afforded a defendant differ essentially in scope and purpose; a demurrer submits to strictly legal test the charge that is made by the bill against the defendant, *i. e.*, the indictment proper, whereas the motion to quash submits to judicial discretion other matters of form or substance, provided they appear on the face of the indictment, *i. e.*, do not require extraneous proof for their verification. That this, and not the distinction between the face and the back of the bill, is what is meant is evident from the fact that the signature of the foreman under our practice and the words "A true bill," which, at common law, were essential to the validity of the indictment, were placed on the back of the bill, and yet it cannot be doubted that a defect therein would be a defect appearing on the face of the indictment within the accredited meaning of the term employed in this statute.

The clear purpose of the statute is that if objections of this nature are to be made by a defendant they must be made and disposed of by amendment or otherwise before the state is put to the expense and labor of a trial. In the present case the defect in the indictment, if it was to be raised at all, should have been raised by a motion to quash before the jury was sworn. The defendants made a motion of this nature based upon other grounds, but in no way directed attention to the defect of which advantage was sought to be taken at the end of the trial. To such a course the statute in question is a complete bar. *Shuster* v. *State,* 33 *Vroom* 521; *State* v. *Sharkey,* 44 *Id.* 491.

So complete is the bar of this statutory provision that Chancellor McGill, speaking for the Court of Errors and Appeals in *State* v. *Mead,* 24 *Vroom* 601, said that it had not been suggested how it could be surmounted.

This, however, is not all that the statute in question provides, for a further provision is that the court before whom such objection is taken may thereupon amend such indictment in any such particular, *i. e.*, either of form or substance. Judicial construction has indeed imposed upon the broad power thus conferred the general limitation that the amendment must not substitute a different crime from that found by the grand jury, or make an indictment charge a crime where in its unamended state no crime was charged. *State* v. *Startup,* 10 *Vroom* 423; *State* v. *Twining,* 42 *Id.* 388.

This, however, concerns the motion made by the state, not that made by the defendants which, it must be borne in mind, was based not upon the proofs at the trial but solely upon the dates appearing by the indictment.

The refusal of the court to direct a verdict upon the ground stated was therefore not error without regard to the power of the court independently of the forty-fourth section to amend the indictment at the end of the trial.

This brings us to the consideration of the assignment that challenges the order amending the indictment which we approach with the knowledge that such amendment concerned a matter respecting which the defendants had lost their right to raise any legal objection. The right thus lost or waived by the defendants was not the right to rely upon the statute of limitations if the proofs warranted such a defence, but the right to have the statute applied solely because of what appeared on the face of the indictment. An order amending the indictment to correspond to the proofs therefore did not invade the meritorious right that thus remained to the defendants, but affected only a matter concerning which at that stage of the trial they had no right that could be invaded. Whether any amendment was necessary may well be questioned, but it is quite clear that the defendants were not injured thereby in any actual sense, or in any theoretical sense either, unless the effect of the amendment was to substitute a different offence from that charged in the indictment, or to make the indictment charge an offence where previously none was charged. That the former was not done is perfectly clear, since the

offence remained the same regardless of the date of its commission, and it is equally clear that the latter was not done unless the indictment charged no offence, because the offence that it charged was one for which these defendants could not be prosecuted, because the statute of limitations had run. Clearly this is not so, for the statute of limitations implies an offence to which it is applicable, and the defendants' right to rely upon such statute presupposes an offence to which such defence may be made. An indictment that sets out both of these, sets out an offence as well as a defence, and hence cannot be said to charge no offence merely because it also indicates the plenary defence thereto.

The case of *Moore* v. *State,* 14 *Vroom* 203, is the strongest that can be cited for the defendants' contention, but even that case went no further than to declare that after an offence has lost the quality of punishability by reason of the legislative amnesty, *i. e.,* the running of the statute of limitations, such quality cannot be reattached to it by the legislature by an *ex post facto* extension of the period covered by such statute. The reasoning of Mr. Justice Dixon proceeds entirely upon the "dispunishability" of such an offence in its relation to constitutional limitations upon the legislature, and not at all upon the non-existence of the offence in its relations to such judicial questions as arise upon the quashing of indictments or their amendment under statutory authority.

Statutory authority for the amendment in the present case is to be found in the thirty-third and thirty-fourth sections of the Criminal Procedure act, the first of which provides that "no indictment for any offence shall be held insufficient for omitting to state the time at which the offence was committed, in any case where time is not of the essence of the offence, nor for stating the time imperfectly."

The case of *Ketline* v. *State,* 29 *Vroom* 462, is authority for the power of the trial court to make, under the thirty-fourth section, such amendments as are required to carry into effect the provisions of the thirty-third section.

Even if this were not so, and if the amendment ordered at the trial was without authority and was either superfluous or

nugatory, such error would not lead to the reversal of the judgment, for the reason that no harm came to the defendants thereby.

Section 136 of the Criminal Procedure act provides that "no judgment given upon any indictment shall be reversed for any imperfection or defect * * * or for any error except such as shall or may have prejudiced the defendant in maintaining his defence upon the merits."

Recently, in the case of *State* v. *Merkle,* 54 *Vroom* 677, it was pointed out that this provision applied to writs of error in criminal cases generally. We have then in the present case this situation: An indictment on the face of which it appeared that the statute of limitations had run—the failure of the defendants to raise any question as to such indictment before the jury was sworn—and an amendment of such indictment to correspond with the proofs at the trial in regard to a matter respecting which, by force of statutory prohibition, the defendants could in no event avail themselves.

To such a situation the statute last cited directly applies. That the defendants were in nowise prejudiced in maintaining their defence upon the merits abundantly appears from the fact that they went to trial and met the state's case and conducted their own defence without the slightest reference to the defect in the indictment, to which indeed the attention of the court was not directed until the state moved to amend the indictment, which was after both sides had closed. Under these circumstances we are prohibited by the statute from reversing the judgment for such an error as is now contended for.

The other assignments of error and causes for reversal we have examined without finding any ground for reversal or any matter requiring special mention or discussion. This being so, the judgment of the Atlantic County Oyer and Terminer is affirmed.