ADAM DICKEY *vs.* ARTHUR WILLIS & another.

Suffolk.    March 11, 1913. — June 18, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Practice, Civil,* Parties. *Pleading, Civil,* Declaration.

A single action of tort cannot be maintained against two defendants unless they
directly or indirectly co-operated in doing the alleged wrong; and a declaration
with two counts, each alleging a separate tort committed by a different defend-
ant, with no allegation of conspiracy or concert between them, will be held
bad, on demurrer, for misjoinder of defendants.

TORT, with two counts.  The first count alleged that the de-
fendant Willis falsely and fraudulently represented that he was
the owner of a certain parcel of land in the town of Brookline,
that Willis made a contract in writing with certain building con-
tractors, doing business under the name of McFarlan and Com-
pany, for the erection of a house on such land, that the plaintiff
as a subcontractor, believing that Willis was the owner of the
land, furnished certain materials for such house, for which the
plaintiff failed to establish a lien by reason of such belief, which
caused him to give notice to Willis of his claim of lien instead
of giving notice to the true owner, and that the plaintiff, not being
paid for the materials by the contractors, who were irresponsible,
suffered damage.  The second count alleged that the defendant
Cunningham was the true owner of the land mentioned in the first
count and falsely and fraudulently held out the defendant Willis
as the ostensible owner of the house and land, whereby the plain-
tiff was deprived of his right to establish a lien for the materials
furnished by him, because, owing to the deceit of the defendant
Cunningham, he had not given notice in writing to him as the
true owner of the house and land of the plaintiff's claim of lien
as required by law, whereby the plaintiff had suffered loss.
There was a further allegation that the two counts were for one
and the same cause of action.  Writ dated September 19, 1912.

The defendants demurred, assigning, among other grounds of
demurrer, that the defendants were joined improperly as joint
tortfeasors.

In the Superior Court *Hardy*, J., overruled the demurrer as to the first count and sustained it as to the second count. Both parties appealed, and at the request of both parties the judge reported the case for determination by this court. If the ruling sustaining the demurrer to the second count was right and a similar ruling should have been made as to the first count, judgment was to be entered finally for both defendants. The other stipulations have become immaterial.

*G. W. Reed*, for the plaintiff.

*H. L. Barrett*, for the defendants.

Rugg, C. J. This is an action of tort against two defendants. The declaration contains two counts, one setting forth certain acts performed by one defendant, and the other, acts performed by the other defendant. But there is no allegation of conspiracy or concert between them. There is nothing which fairly can be construed as an averment of joint actions or conduct which would constitute them joint tortfeasors. The acts alleged to have been performed by each defendant are different and they are not alleged to have been part of a common design. Two persons cannot be joined as defendants in an action of tort unless they directly or indirectly co-operate in the doing of the wrong. The allegations do not bring this case within that class of actions. *Feneff* v. *Boston & Maine Railroad,* 196 Mass. 575, and cases cited at 580. *Fletcher* v. *Boston & Maine Railroad,* 187 Mass. 463. There is a misjoinder of defendants. On this ground the demurrer to both counts must be sustained.

It is not necessary to pass on the sufficiency of either count, as if it were against a single defendant, although it may be remarked that there is no averment that the representation contained in the contract between Willis and McFarlan and Company was made to the plaintiff or that he relied upon it.

According to the terms of the report the entry must be

*Judgment for the defendants.*