### KIRKLAND v. ENSIGN-BICKFORD CO.

(District Court, D. Connecticut. September 2, 1920.)

No. 1933.

1. **Release ☞29(1)—All joint tort-feasors released by release of one.**
   The release of one joint tort-feasor, being valid, operates as a release of the others.

2. **Torts ☞22—Who are "joint tort-feasors."**
   Where the negligence of two or more persons concurs in producing a single indivisible injury, such persons are "joint tort-feasors," though there was no common design or concert of action.
   [Ed. Note.—For other definitions, see Words and Phrases, Second Series, Joint Tort-Feasors.]

3. **Release ☞29(3)—Injured miner's release of employer releases manufacturer of defective fuse.**
   Where a miner, injured when a fuse manufactured by defendant burned its entire length instantly and set off a blast before he had an opportunity to seek a position of safety, released his employer, which furnished the fuse, such release will be deemed as a matter of law to release the defendant manufacturer of the fuse, on the theory that it and the employer were joint tort-feasors, notwithstanding the miner in his complaint against defendant alleged that the accident was caused solely by its negligence, for under the circumstances he cannot deny the liability of his employer, which is presumed; hence defense setting up the release is good, notwithstanding the averments of sole negligence.

4. **Release ☞58(1)—Whether defendant and another were joint tort-feasors question for the court.**
   In an action by a miner, injured when a fuse burned instantly, where the defendant manufacturer asserted that the miner's release of his employer was a release of it, that question will be determined by the court as a matter of law, notwithstanding the averment of the complaint that the injury was solely the result of defendant's negligence, and the court will not submit to the jury the question whether defendant and the employer were joint tort-feasors.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by W. L. Kirkland against the Ensign-Bickford Company. On demurrer to the second defense. Demurrer overruled.

Edward W. Broder, of Hartford, Conn., for plaintiff.

Gross, Gross & Hyde, of Hartford, Conn., for defendant.

THOMAS, District Judge. On May 5, 1914, the plaintiff was a miner in the employ of the Tennessee Copper Company, a corporation engaged in mining and smelting copper ores in the state of Tennessee. The defendant is a Connecticut corporation, and manufactures coils of fuse, commonly known as "safety fuse," and upon various occasions sold such fuse to the Tennessee company, to be used in its blasting operations.

The plaintiff had been in the employ of the mining company for some time prior to May 5, 1914, and it was part of his duty to bore in the stopes or walls of mines certain holes and load them with blasting material. In order to discharge this blasting material, the plaintiff cut strips from the coil of "safety fuse" furnished him by his employer, which was made by the Connecticut company and sold to the Tennessee company. These strips were attached by the plaintiff to the charge of blasting material in each of said holes. It was then the duty of the plaintiff to light each fuse and retreat to a place of safety. When properly manufactured, the fuse was intended to burn at the rate of two feet to one minute, and when cut to a sufficient length would allow the person lighting the same to retire to a place of safety. On the day in question the plaintiff, after properly preparing the charges with the fuse properly attached, lighted the ends of each fuse, and all of them burned slowly and gradually, except the last one, which flashed, burned its entire length instantly, and exploded before the plaintiff had a chance to reach a place of safety.

The amendment to the complaint discloses the grounds of negligence on the part of the defendant manufacturer of the fuse in alleging that it knew, or ought to have known, that it was a dangerous substance to persons in whose hands it might come, one of whom was the plaintiff, unless properly manufactured, and that the defendant was negligent in making it in a certain way, and that the defects were unknown to the plaintiff, and that he was unable to discover them, with the result that the fuse caused the powder to explode prematurely. In paragraph 11 of the complaint it is alleged that the plaintiff's injuries and the damages sustained were due solely to the negligence of the defendant.

As a result of the explosion the plaintiff was severely injured, and seeks in this suit to recover of this defendant damages for such injuries. In its answer the defendant enters in its first defense, practically a general denial. In its second defense it alleges that—

"On or about the 30th day of July, 1914, the plaintiff, W. L. Kirkland, for a valuable consideration, which was accepted in full settlement and satisfaction, of all claims and demands hereinafter set forth, executed and delivered to the said Tennessee Copper Company a receipt and release of any and all actions, causes of actions, claims, and demands for or by reason of any damage, loss, or injury which theretofore had been or which might thereafter be sustained by him in consequence of personal injuries alleged to

have been received by him while in the employ of said Tennessee Copper Company on the said 5th day of May, 1914, as alleged in the complaint in this action; the plaintiff claiming that said alleged defective fuse had been furnished him by said Tennessee Copper Company for use, and was being used, in the prosecution of its work under its direction."

The release relied upon is as follows:

"Accident Report File No. 5289.

"Receipt and Release.

"In consideration of the sum of two hundred sixty-two ($262.50) and 50/100 dollars, to me in hand paid by Tennessee Copper Company, I do hereby release and forever discharge said Tennesse Copper Company from any and all actions, causes of action, claims, and demands for or by reason of any damage, loss, or injury which heretofore has been or which hereafter may be sustained by me, W. L. Kirkland, in consequence of personal injuries received by me, W. L. Kirkland, while in the employ of the said Tennessee Copper Company, to wit, at or about 4 p. m. on the 5th day of May, 1914, while at work in 3Nii backstope, Burra mine, as drill runner, I had charged up my holes and had all but one or two fired, when one went off, resulting in my receiving compound fracture of left index finger, numerous. deep puncture wounds of arms, thighs, chest, groins, and face. It being further agreed and understood that the payment of said sum of two hundred and sixty-two and 50/100 dollars is not to be construed as an admission on the part of said Tennessee Copper Company of any liability whatever in consequence of said accident, but said sum is accepted in full settlement and satisfaction of all said claims and demands of said W. L. Kirkland by reason of said accident. I further represent and covenant that at the time of receiving said payment and signing and sealing this release I am of lawful age and legally competent to execute it, and that before signing and sealing it I have fully informed myself of its contents, and executed it with full knowledge thereof, and of my own free will and accord.

"In witness whereof, I have hereunto set my hand and seal this thirtieth (30th) day of July, nineteen hundred and fourteen.

"W. L. Kirkland."

Then follows the witnesses names and the notarial acknowledgment. To the second defense the plaintiff demurs because:

"First. It does not appear that the defendant is a party to the release, and "Second. It appears from the plaintiff's complaint that the injuries complained of were due solely to the negligence of the defendant, its servants and agents."

So that the question now before the court is as to the sufficiency of the second defense. The issue thus raised is whether or not the release given to the Tennessee Copper Company, the plaintiff's employer, who had furnished him the fuse for use in its business and under its direction in the course of his employment, for a sum of money acknowledged to have been received in full settlement and satisfaction of all claims and demands arising out of the injury, does not bar action against all other persons whose alleged negligence was the proximate cause of the accident in question.

[1] It is conceded, as I understand it, that the release of one joint tort-fea'sor operates as a release of the other or others. It requires the citation of no authority to support the claim of law that a full, absolute, and unqualified release of one or more of several joint tort-feasors, upon a consideration free from fraud or mistake or incapacity, given in full settlement and satisfaction of all claims for the injuries

complained of, is a release of each and every one of such joint tort-feasors.

The plaintiff contends, however, that the Connecticut company, this defendant, is not a party to the release, and that as the complaint does not allege any joint negligence or joint liability, but alleges that the injuries complained of were due solely to the negligence of the defendant, the rule that the release of one joint tort-feasor releases all does not apply, and relies upon the rule of law that a release given in favor of a person who is not liable will not operate to release the person who is liable, and who has been sued or whose negligence was the sole cause of the injury. In support of this contention a number of cases are cited, and in all such cases, where it is held that a release does not operate to discharge the defendant sued from liability, an examination of them will show that the courts held that the defendant sued was not a joint tort-feasor, and the acts of negligence complained of which rendered the defendant sued liable to the plaintiff were separate and distinct acts, and the pleadings and proofs showed an independent and separate act or acts of negligence in no way connected with or concurring with the negligent act sued upon.

[2-4] The plaintiff's contention raises this question: Can a plaintiff escape the application of the rule that the release of one joint tort-feasor releases all, by merely alleging that the "damages sustained were due solely to the negligence of the defendant," if it appears from the allegations of the complaint that the plaintiff may be well within the rule of the cases which hold that one who receives consideration for a release and discharge of a claim is precluded from denying that such claim was well founded, and that there was, as here, a probable or possible liability against the person in whose favor the release was given? Ought not the facts alleged make it appear that the defendant sued was not a joint tort-feasor?

It occurs to me that to sustain the plaintiff's contention in this case would present a novel situation. Would not the court be obliged to submit to the jury at the trial, the question as to whether the Tennessee company was liable or not, and instruct the jury that if they found such company liable to render a verdict for this defendant? And if it found the Tennessee company not liable, and that this defendant's acts of negligence were the sole cause of the accident, to render a verdict against this defendant under the rule that in such case they were not joint tort-feasors, and the release secured by one did not release the other, and that the jury would first have to find that they were joint wrongdoers before they could render a verdict in favor of this defendant.

Ought not the court, as matter of law, pass on the question of whether, under the allegations of the complaint, the Tennessee company, and the Connecticut company were joint tort-feasors and neither leave the question to the jury, nor let the pleader evade the application of the rule by stating the conclusion that the injuries complained of were caused solely by the negligence of the defendant sued, and follow the rule laid down in Cooley on Torts, p. 247, that—"where the negligences of two or more persons concur in producing a single, indivisible

injury, then such persons are jointly and severally liable, although there was no common duty, common design, or concert action"? Does not the rule stated by the court in C., C., C. & St. L. Ry. Co. v. Hilligoss, 171 Ind. 417, 425, 86 N. E. 485–488, (131 Am. St. Rep. 258) apply? In this case the court said:

"One who compromises a claim does not necessarily admit that the claim was well founded, but the one who receives the consideration is precluded from denying that it was. So it may be said that, when a pretended claim for a tort has been settled by treaty, and satisfaction rendered the claimant by one so connected with the trespass as to be reasonably subject to an action and possible liability as a joint tort-feasor, the satisfaction rendered will release all who may be liable, whether the one released was liable or not. In such a case it is not necessary that it should appear that the party making the settlement was in fact liable. It will be deemed sufficient if there is an appearance of liability; that is, something in the nature of a claim on the one hand, and a possible liability under the rules of the law on the other."

The allegations of the complaint bring the plaintiff well within the rule there laid down. The plaintiff here was an employé of the Tennessee company using an instrumentality of his trade, which the plaintiff himself characterizes as a "dangerous and hazardous substance to persons into whose hands it might come," and that it was furnished by his employer, from whom he received a complete satisfaction by reason of the injuries received while in the employ of the Tennessee company. Can it be said, fairly, that there was no "possible" ground of action against the Tennessee company, when it is alleged that the plaintiff was injured by the premature explosion of powder, because the fuse made by this defendant, sold by it to the Tennessee company, and furnished by said company to the plaintiff was the cause of the injury? Nor does the allegation of the complaint that the accident was caused solely by the negligence of the defendant cure the defect. In my opinion it clearly brings the plaintiff within the rule that the Tennessee company and the Connecticut company were joint tort-feasors, because it affirmatively appears that the same dangerous instrumentality was set in motion by the Connecticut company, who made the fuse, and by the Tennessee company, who furnished the same to the plaintiff, for use. The liability against the employer must have been based either on negligence in giving it to the plaintiff or lack of care in selecting it. This is implied from the fact that plaintiff settled with his employer.

In Carstesen v. Town of Stratford, 67 Conn. 428, 35 Atl. 276, Judge Torrance said:

"In general, the negligence of third parties, concurring with that of the defendant to produce an injury, is no defense; it could at most only render the third party liable to be sued also as a joint wrongdoer."

Applying this doctrine to the facts in the case at bar, the manufacturer of the fuse, if negligent in the making, is jointly liable with the employer, who presumptively was negligent in supplying the fuse to the plaintiff. I say "presumptively" because plaintiff made claim against and received satisfaction from his employer. It does not lie in his mouth now to say that he claimed no liability against his

employer. In Ayer v. Ashmead, 31 Conn. 453, 83 Am. Dec. 156, the court said:

"It is true, undoubtedly, that for a joint trespass they may all be sued jointly, or separate suits may be brought against each, because trespasses committed by several, while they are in fact the joint acts of all, are also the separate acts of each individually, each being liable in law for whatever was done by all or any of them; and if suits are separately brought against each they may all be pursued to final judgment, and the plaintiff may elect which of the separate judgments he will enforce and collect. But, having received the damages recovered against any one, and his costs against all, he must be content with that, as otherwise he would receive more than one satisfaction for his injury."

From all authorities it is clear that the plaintiff's demurrer must be overruled. An examination of the cases cited and relied upon by the plaintiff shows that in each case there was a separate liability. This appears from the facts or from the allegations in the complaint. I cannot hold that a plaintiff may escape the rule as to joint liability which is the test in all such cases, by pleading that the injuries received and complained of were caused solely by the negligence of the defendant sued. Such would have to be the ruling, if the plaintiff's demurrer is sustained. It is unnecessary to discuss all authorities cited and urged upon the court, for the principle of law is the same in each case.

The demurrer is overruled. Decree accordingly.