R. F. BOST, JR., v. LAWRENCE METCALFE, REPRESENTED HEREIN BY HIS DULY APPOINTED GUARDIAN AD LITEM, W. A. METCALFE, AND J. FRED MERRITT.

(Filed 21 May, 1941.)

1. **Damages § 3—**

A person whose negligence proximately causes injury to another is liable for all damages naturally and proximately resulting from the negligent act, including suffering which might have been obviated if the physician treating the injured party had administered proper treatment, in the absence of any contention that the injured party failed to use reasonable care in selecting his physician.

2. **Negligence § 8—**

The doctrine of primary and secondary liability in tort actions is bottomed on acts of active and negative negligence of joint tort-feasors.

3. **Same—**

A physician who negligently fails to administer proper treatment to a person injured through the wrongful act of a motorist is not, as to such motorist, primarily liable, in whole or in part, since his conduct constitutes an act of omission and not of commission, and the two are not joint tort-feasors.

4. **Torts § 4—**

In law, joint tort-feasors are persons who act together in committing the wrong, or who commit separate wrongs without concert of action or unity of purpose, which separate acts concur as to place and time and unite in proximately causing the injury.

5. **Torts § 6—Party whose negligence causes the injury is not entitled to joinder of physician as joint tort-feasor upon allegations of physician's malpractice in treating person injured.**

In this action to recover for injuries sustained in a collision between the automobiles in which plaintiff and defendant, respectively, were riding, defendant filed a cross action alleging that plaintiff's negligence was the sole proximate cause of the collision. Plaintiff filed a reply alleging that defendant was treated after the injury by a physician who failed to discover and remove a piece of metal imbedded in defendant's leg and failed to discover that there were bones broken in defendant's foot, and contended that if plaintiff should be held liable to defendant, the physician was primarily liable for injury resulting from the alleged malpractice, and was a joint tort-feasor in producing the injury within the rule of contribution, or that at least plaintiff was entitled to partial exoneration for that part of the injury attributable to the alleged malpractice. The physician was joined as a party defendant upon plaintiff's motion. *Held:* The alleged negligence of plaintiff and the alleged malpractice of the physician did not concur in producing one indivisible and inseparable injury, and the physician's demurrer to the plaintiff's reply was properly sustained. C. S., 456, 457, 460, 602, 618.

APPEAL by plaintiff from *Nettles, J.,* at October Term, 1940, of GUILFORD. Affirmed.

The plaintiff instituted this action against the defendant Metcalfe to recover damages for personal injuries sustained when an automobile operated by him collided with another automobile allegedly being operated under the supervision and control of the defendant Metcalfe. The action is based upon allegations of negligence on the part of said defendant.

The defendant answered, denying negligence on his part and setting up a cross action against the plaintiff for damages for personal injuries sustained and expenses incurred, which he alleges were proximately caused by the negligence of the plaintiff.

Plaintiff filed a reply to the counterclaim or cross action of the defendant Metcalfe, denying negligence and alleging that after said defendant sustained personal injuries resulting from the wreck of the two automobiles he employed and was treated by the defendant Merritt, a physician; that the defendant Merritt was guilty of malpractice in that he did not exercise ordinary care and apply the requisite degree of skill and knowledge in treating the defendant, as a result of which the injuries sustained by Metcalfe were materially aggravated; that for so much of the damages as resulted from such malpractice Merritt is primarily liable; and that if plaintiff is liable Merritt is jointly and concurrently liable therefor. He then prays judgment: (1) that in the event the issue of negligence is answered against him the jury be required to assess and determine that portion of the damages sustained by Metcalfe which was proximately caused by and resulted from the malpractice of Dr. Merritt for which plaintiff alleges the physician is primarily liable; (2) that the court make such orders in entering judgment as are necessary to adjust the rights and liabilities as between plaintiff and Merritt; (3) that Merritt be adjudged a joint tort-feasor either in respect to the entire damages or at least as to that portion of the damages caused by his malpractice; and (4) that the court adjust, protect and determine the rights and liabilities existing between the plaintiff and Dr. Merritt with reference to and in connection with the contribution rights and joint liability provisions as contained in C. S., 618, as amended by ch. 68, Public Laws 1929.

Thereupon the court, on motion of the plaintiff, entered an order making J. Fred Merritt, the physician, a party defendant. Summons, a copy of all the pleadings and order making him a party defendant were served upon Merritt. In due time he appeared and filed a demurrer to the plaintiff's reply for that (1) no sufficient cause of action is alleged against him; (2) he is neither a necessary nor a proper party to said action; and (3) there is a misjoinder of both parties and causes of action, and several causes of action have been improperly united. In his demurrer he sets forth with particularity wherein the pleadings fail to state a cause of action against him or to show that he is a proper or necessary party.

When the cause came on to be heard upon the demurrer the court sustained the same and entered judgment dismissing the action as against the defendant Merritt. Plaintiff excepted and appealed.

*Smith, Wharton & Jordan for plaintiff, appellant.*
*Sapp, Sapp & Atkinson for J. Fred Merritt, appellee.*

BARNHILL, J. Under no possible aspect of the case could plaintiff claim the right to have Merritt made a party to this action except upon the theory that he is, or may be found to be, guilty of negligence proximately causing injury to the defendant Metcalfe. Hence, we can approach the question presented to best advantage by assuming that the issue of negligence will be answered against him.

Neither the plaintiff nor the defendant Metcalfe pray any recovery against Merritt. Plaintiff simply seeks to have it adjudged that Merritt is a joint tort-feasor in respect to the injury sustained by Metcalfe as a basis for a demand for contribution; or, alternatively, to have the damages caused by the negligence of the plaintiff on the one hand, and the damages resulting from the negligence of Merritt on the other, apportioned, so that the plaintiff will be required to pay only such damages as proximately resulted from his own negligence other than those attributable, in whole or in part, to the negligence of Merritt.

Plaintiff frankly admits that, since there is no allegation that Metcalfe failed to use reasonable care in selecting his physician, he is liable, if at all, for all damages which proximately resulted from the original injuries, including such as were partly caused by the unsuccessful or negligent treatment by the physician or surgeon. This admission is in accord with the general rule. *Sears v. R. R.,* 169 N. C., 446, 86 S. E., 176; *Lane v. R. R.,* 192 N. C., 287, 134 S. E., 855; *Smith v. Thompson,* 210 N. C., 672, 188 S. E., 395; Anno. 8 A. L. R., 507. He further concedes that in the event of a recovery against him he would have no cause of action by independent suit against Merritt.

In view of these admissions, which are in accord with the established law, may the plaintiff, by the simple device of having Merritt made a party to this action, enforce contribution or obtain partial exoneration?

He, in support of his position, argues that Merritt is primarily liable for so much of the damages sustained by Metcalfe as proximately resulted from his negligent conduct, and that he (plaintiff) is only secondarily liable therefor. Hence, plaintiff invokes the doctrine of primary and secondary liability. This contention cannot be sustained. The doctrine of primary and secondary liability in tort actions is bottomed on acts of active and negative negligence of joint tort-feasors. Here the plaintiff committed the act which proximately caused the injury to defendant and

20—219

for which he is primarily liable. But for his act no injury would have resulted. He cannot, under any view of the case, assume the position of a joint tort-feasor whose wrong was one of omission and not of commission.

A careful reading of the allegations of negligence made by the plaintiff in his reply against the defendant Merritt discloses that he asserts that Merritt failed to exercise ordinary care and to apply the requisite skill in minimizing the damages. There is no allegation that any act on the part of Merritt aggravated or increased the injury. The mere failure of the physician to take X-rays and to discover that bones in Metcalfe's foot were broken and that a piece of the metal door handle was lodged in his leg are acts of omission. The injury and the incidental suffering due to these conditions are the proximate result of the original wrong. Anno. 8 A. L. R., 507. Merritt's failure to discover them in nowise aggravated the result. His failure to discover the condition and to furnish proper treatment constitutes a failure to minimize. The plaintiff is in no respect secondarily liable, as against Merritt, for any part of the damages proximately resulting from the original injury.

Plaintiff and Merritt are not joint tort-feasors so as to permit the joinder of Merritt as a party to this action for the purpose of enabling plaintiff to obtain contribution or partial exoneration.

Strictly speaking, joint tort-feasors are persons who act in concert in committing a wrong which results in injury to person or damage to property. In law the term is used to include those who commit separate wrongs without concert of action or unity of purpose, when the acts are concurrent as to place and time and unite in setting in operation a single destructive and dangerous force which produces a single and indivisible injury.

The well established and familiar rule that a plaintiff may consistently and properly join as defendants in one complaint several joint tort-feasors applies where different persons, by related and concurring acts, have united in producing a single or common result upon which the action is based. 9 A. L. R., 942; Anno. 35 A. L. R., 410. It is likewise now the law in this State that one joint tort-feasor against whom an action is pending may have other joint tort-feasors made parties to the action. C. S., 618.

Where two or more persons acting independently, without concert, plan or other agreement, inflict damage or cause an injury to another person, the persons inflicting the damage are not jointly liable therefor. In such case a joint action against them cannot be maintained. Especially is this true where the damage sued for was not the ordinary and natural result of the preceding negligence. *United Cigar Stores Co. v. Ga. R. & P. Co.*, 107 S. E., 781 (Ga.).

Independent and unrelated causes of action cannot be litigated by cross action. 31 Cyc., pp. 223-224; *Bowman v. Greensboro,* 190 N. C., 611, 130 S. E., 502. Distinct claims against several defendants cannot be joined. *Gilmore v. Christ Hospital,* 52 Atl., 241; *Dickey v. Willis,* 215 Mass., 292, 102 N. E., 336; *Keyes v. Little York Gold Washing & Water Co.,* 53 Cal., 724. An action cannot be maintained against two or more defendants for distinct torts which were committed by the different defendants independently of and not in connection with each other, although the consequences of the tort, which was committed by one defendant, united with the consequences of the tort which was committed by the other. In such case the one defendant cannot be made liable for the consequences of the tort of the other. *Stephens v. Schadler,* 182 Ky., 833, 207 S. W., 704.

To be joint tort-feasors the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury. *Young v. Dille,* 127 Wash., 398, 220 Pac., 782; *Holbrook v. Nolan,* 10 N. E. (2d), 744; *Kirkland v. Ensign-Bickford Co.,* 267 Fed., 472. There must be a common intent to do that which results in injury, *The Ross Coddington,* 6 Fed. (2d), 191; or their separate acts of negligence must concur in producing a single and indivisible injury. *Strauhal v. Asiatic S. S. Co.,* 85 Pac., 230; *Ice Machine Co. v. Keifer,* 25 N. E., 799, 10 L. R. A., 696; *Van Troop v. Dew,* 150 Ark., 560, 234 S. W., 993.

A party whose negligent conduct causes an injury and the physician who negligently treats the injury thus inflicted, thereby aggravating the damages flowing from the original injury, are not joint tort-feasors. *Fisher v. Electric Rwy. & Light Co.,* 173 Wis., 57, 180 N. W., 269; *Ader v. Blau,* 241 N. Y., 7, 148 N. E., 771, 41 A. L. R., 1216; *Noll v. Nugent,* 214 Wis., 204, 252 N. W., 574; *Parchefsky v. Kroll Bros.,* 267 N. Y., 410, 196 N. E., 308, 98 A. L. R., 1387. See, also, *Hoover v. Indemnity Co.,* 202 N. C., 655, 163 S. E., 758.

There was no concert of action between plaintiff and Merritt. Nor did their acts of negligence concur in producing a single indivisible injury. The cause of action, if any, against plaintiff arises out of his alleged negligence in operating an automobile, while that against Merritt is grounded upon the breach of duty the law placed upon him by reason of the relationship created by the contract of employment. They are only incidentally related in the sense that it so happened Merritt was treating an injury inflicted by plaintiff.

Recovery against plaintiff is in no way dependent on proof of negligence on the part of Merritt. In the controversy between Metcalfe and the plaintiff Merritt is not interested. Contrariwise, proof of negligence against Merritt is in no sense dependent upon proof of any wrong on the

part of plaintiff. Metcalfe, upon proper proof, may recover from Merritt though plaintiff was blameless.

Since the doctrine of primary and secondary liability does not apply and plaintiff and Merritt are not joint tort-feasors whose wrongful acts concurred in producing one indivisible and inseparable injury, plaintiff is not entitled to contribution. As his wrong was the primary cause of the resulting injury, which, as alleged, Merritt failed to properly minimize, plaintiff is not entitled to partial exoneration.

Plaintiff cites and relies upon *Fisher v. Electric Rwy. & Light Co., supra.* That case is distinguishable. It was there held that the original tort-feasor and the surgeon who treated the injury produced by the original tort are in no sense joint tort-feasors. The joinder of the physician in the action was permitted by virtue of the terms of a Wisconsin statute which is broader in scope than any appearing upon our statute books.

We conclude that the sections of our Code upon which plaintiff relies; C. S., 456; C. S., 457; C. S., 460; C. S., 602; and C. S., 618, have no application. These sections, considered either separately or *in pari materia,* contain no provision sufficiently broad to permit the joinder of Merritt as a party defendant in this action.

We have read the able brief filed by counsel for the plaintiff and have examined the cases cited. The authorities relied upon, in our opinion, are distinguishable and are not in conflict with our view of the law as herein stated.

The judgment below is

Affirmed.