CLAUDE KEY, by His Next Friend, D. E. KEY, v. HOME CHAIR
COMPANY, Inc.

(Filed 10 December, 1930.)

**Master and Servant C b—Allegations in this case held insufficient to support action against employer for personal injury.**

Allegations of a complaint in a personal injury suit that an employee of defendant was injured while at work putting bottoms in chairs at a low bench with a clamp and screw driver, and that the injuries were caused by the employee's having to stoop over while at work, without allegation of defects in the appliances or proximate cause, are insufficient to state a cause of action, and the action will be dismissed on demurrer *ore tenus* or by the court *ex mero motu.*

Appeal by plaintiff from *Harding, J.,* at June Term, 1930, of Wilkes. Affirmed.

The action was brought by Claude Key, a minor, by his next friend, D. E. Key, to recover damages sustained by Claude Key in the sum of $5,000 alleged to have been suffered by the plaintiff on account of the negligence of the defendant company while the said plaintiff was employed by the defendant company. The case came on to be heard, and after the jury was chosen, and empaneled, and before evidence was introduced, the defendant company, through its counsel, demurred *ore tenus* to the complaint, on the ground that the complaint did not state a cause of action, which motion was sustained by the court, and judgment entered dismissing said action, and taxing the plaintiff with the cost, from which judgment the plaintiff excepted, assigned error and appealed to the Supreme Court.

The material allegations of the complaint are as follows: "That the plaintiff was employed by the defendant company in the fall of 1926, and worked for said company until 30 January, 1929; that when he was employed by the defendant company, he was put on a job of placing bottoms in chairs by means of a hand screw driver, said screws being used to fasten the bottoms in said chairs; that the apparatus on which the chairs were placed, in order to fasten the bottoms to said chairs, was an old time low bench or shelf, and in order to fasten the screws in the bottom of the chairs, this plaintiff was forced to stand in a stooping position, using a hand screw driver with his right hand. That during the year 1928, this plaintiff, on account of standing in the stooping position, which he was required to do to perform his duties, suffered an injury to his right hip and side, the ligaments and nerves being badly strained and injured in said hip, and making it almost impossible for the plaintiff to walk, and from which injuries he has suffered great and excruciating pain in body and in mind, and continues to suffer great pain."

Further allegation was made that Claude Key notified defendant "that he did not have suitable and sufficient tools and appliances with which to do the work on this job, and notwithstanding this notice, the defendant company continued to have him work on said job, until said injuries became so grave and serious that it was necessary for the plaintiff to go to the hospital. . . . That the defendant company was negligent in that, it did not furnish tools and appliances in common use to perform the work which this plaintiff was required to perform, and the said defendant company knew, or should have known, that the tools and appliances furnished to this plaintiff were not such tools and appliances as are in common use, and were not modern nor suitable tools with which to perform the work which he was required to perform."

Claude Key is a minor, 19 years of age.

*Trivette & Holshouser and B. T. Henderson for plaintiff.*
*J. Hubert Whicker for defendant.*

PER CURIAM. The defendant demurred ore tenus on the ground that "the complaint does not state facts sufficient to constitute a cause of action. C. S., 511(6). The court below sustained the demurrer and in this we can see no error. There is no allegation in the complaint that the tool used was defective, nor any allegation showing that such defect was known to the defendant or ought to have been known in the exercise of due care, and that such defect was the proximate cause of the injury. On the contrary, what caused the injury is fully set forth, which we do not think is such negligence as gave plaintiff a cause of action against the defendant.

The tool was simple, no defect in it; the place of work was such as required a stooping position, well known to Key, who was 19 years old. Hoeing, picking cotton, planting tobacco and potatoes, cutting wood, sawing logs, shoveling dirt and coal, sweeping and numerous ordinary affairs of life, all require the work to be done by stooping. The allegations that the tools and appliances were not such as in common use and were not modern, on all the facts, do not show negligence. The fact that the old simple method of sweeping required stooping, in the early days a bundle of broom-sage was used and then the manufactured broom with the handle, does not require one to furnish the servant (if the housekeeper does not perform the task) with a vacuum sweeper. In simple ordinary tools and appliances, where there are no defects, known, or in the exercise of due care should have been known, to the employer, and such defects are not the proximate cause of the injury, the application of plaintiff's requirement "such tools and appliances as are in common use and were not modern nor suitable tools," on the facts here, would

tend to destroy industry. The risk of employment would be too great to the employer. The very hope of a commonwealth is to encourage work and thrift and create industry, to give employment and by so doing make a happy and contented people. Sickness, ill-health and misfortune are a part of life's burden which humanity must endure with patience. This burden we cannot put on an employer of labor unless negligence is shown. See *Winborne v. Cooperage Co.*, 178 N. C., 88; *Smith v. Ritch*, 196 N. C., 72; *Merritt v. Foundry Co., ante*, 775.

In *Snipes v. Monds*, 190 N. C., at p. 191, it is said: "Even after answering in the trial court, or in this Court, a defendant may demur *ore tenus*, or the Court may raise the question *ex mero motu* that the complaint does not state a cause of action." *Seawell v. Cole*, 194 N. C., at p. 547. The judgment below is

Affirmed.