This is an action brought by plaintiff against defendant for injuries sustained in trying to make a plow point used in road construction. Plaintiff alleges that while he was beating the plow point "a piece of hot steel flew off said plow point and hit plaintiff's forefinger on his left hand, and as a result thereof he was forced to have said finger amputated." *Page 214 
The plaintiff testified, in part: "They were doing highway work on State Highway No. 80, in Anson County near Wadesboro, N.C. and I was working for them there. I was employed to look after the teams and do anything the superintendent told me to do. A. B. Aiken was the superintendent. On the day I was injured, 27 June, 1929, I was trying to make a plow point; that is, I was trying to make a rooter plow point for a big tractor plow that was pulled by a tractor. The plow point I was trying to make was about one inch thick, 5 inches wide and 2 feet long, and was to be used for plowing up the old road. I was trying to make that plow point because Mr. Aiken had never brought me out one that I could plow with, and he told me to go down to the shop and make one; so I went down and tried it. The shop was beside the highway, and I was attempting to make the plow point by heating it on a small forge and hitting it on the small anvil with a sledge hammer. A colored fellow assisted me. I was trying to make the plow point out of a scarifier tooth. Mr. Aiken told me where to get the scarifier tooth and I got it by the side of the road where he told me to. It was old and rusty. When I was injured I was trying to make this plow point and heating it and hitting it with a sledge hammer, and I was trying to get it down and a piece of the rusty steel blew off and went in my forefinger; all we had there for the purpose of making this plow point was a small forge, a small anvil and a sledge hammer."
On cross-examination: "I got this piece of steel, out of which I was making this plow point, by the side of the road on the right-of-way. There were quite a number of those scarifier teeth there when I got that one. I picked out the one I wanted to make that plow point out of. I didn't think it was a good piece of steel when I selected it. I took it because I knew there was not a good piece of steel there. I picked out the piece that I thought was the best; I selected the one I wanted to use myself. . . . The piece that flew off and hit my finger was about the size of a grain of corn. . . . I could tell it was not a good piece of steel — it was rusty. . . . I did not see anything wrong with the hammer."
T. J. Austin, a witness for plaintiff, testified, in part: "A small forge, small anvil, sledge hammer and tongs constitute the equipment of shops in ordinary use on road construction work, out on the road where they do this class of work. They are usually found in shops like that. That is the equipment that is ordinarily used for sharpening scarifies teeth and for sharpening plows on road construction work."
At the close of plaintiff's evidence defendant made a motion in the court below for judgment as in case of nonsuit. C. S., 567. The motion was granted, and in this we can see no error.
The evidence excluded, to which exception and assignments of error were made by plaintiff, is not material on this record. "From the evidence it would seem that plaintiff made, and as it were, carried his own place of work with him, and used his own judgment as to the method of doing it."Merritt v. Foundry Co., 199 N.C. at p. 777; Key v. Chair Co., 199 N.C. 794, and cases cited.
The judgment of the court below is
Affirmed.