MRS. FANNIE HOOVER, ADMINISTRATRIX OF ESTATE OF A. S. HOOVER, DECEASED, v. GLOBE INDEMNITY COMPANY AND DR. O. L. MILLER.

(Filed 27 April, 1932.)

1. **Master and Servant F. a—Malpractice of physician furnished by employer or insurer is deemed a part of the injury to the employee.**

    The rights and remedies of an employee under the Workmen's Compensation Act exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin against the employer, N. C. Code, 8081(r), and malpractice of a physician or surgeon furnished by the employer or insurer to treat an injured employee is deemed part of the injury and is compensable as such, N. C. Code, 8081(hh).

2. **Torts B b—Insurer furnishing physician for injured employee held not secondarily liable in action for malpractice of physician.**

    Where the personal representative of a deceased employee sues the insurance carrier for injuries alleged to have been caused by the malpractice of a physician furnished by the insurer to treat the employee

after his injury, and the physician is made a party defendant and the insurer in its cross-complaint contends that if the physician was negligent such negligence was primary and that the insurer was secondarily liable only and would be entitled to contribution: *Held*, the physician's demurrer to the cross-complaint of the insurer was properly sustained, the employer and insurer being primarily liable for such malpractice under the Compensation Act, and the physician and insurer not being joint *tort-feasors* within the meaning of C. S., 618.

APPEAL by Globe Indemnity Company from *Finley, J.,* at January Term, 1932, of GASTON.

*P. W. Garland for appellant.*
*J. Laurence Jones for appellee.*

ADAMS, J. In January, 1930, the plaintiff's intestate was injured while in the service of the Cramerton Mills, Incorporated, the employer and the employee being subject to the North Carolina Workmen's Compensation Law. The Globe Indemnity Company was the insurance carrier. On 3 January, 1931, the plaintiff brought suit against the carrier and filed a complaint in which she alleged: (a) that her intestate, after his injury, employed a skillful physician to attend and treat him; (b) that while her intestate was undergoing such treatment the carrier through fraud and duress assumed control of his case and undertook through its agents, who were licensed practitioners of medicine, scientifically to treat his ailment; (c) that her intestate was thereby compelled to accept improper and injurious treatment; (d) that the carrier was negligent; (e) that its negligent treatment was the proximate cause of the intestate's death; and (f) that she is entitled to damages.

On motion of the carrier the plaintiff furnished a bill of particulars, in which she alleged that Paul B. Clark as agent of the carrier had committed her intestate to the care and treatment of Dr. O. L. Miller, an employee of the carrier, and in which she purports to set out the physician's negligent treatment. At the next term of court Dr. Miller was made a party defendant. Having previously filed an answer, the carrier thereupon filed another paper entitled a cross-complaint, which was formulated as an answer to the complaint and to the bill of particulars and as a complaint against its codefendant, Dr. Miller. In the cross-complaint the carrier alleged that if Dr. Miller was negligent his negligence was primary; that any negligence on the part of the carrier would be secondary; and that the plaintiff should not be permitted to recover damages from the party liable secondarily until an execution against the other party had been returned unsatisfied. It is also alleged

that if both these parties were negligent they were joint *tort-feasors* and that the physician would be liable in contribution to the carrier. C. S., 618.

The defendant Miller demurred to the cross-complaint; the demurrer was sustained; and the carrier excepted and appealed.

There is no error in the judgment sustaining the demurrer. The plaintiff, the Cramerton Mills, Incorporated, and the Globe Indemnity Company were subject to the Workmen's Compensation Law. The rights and remedies therein granted to an employee shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, as against the employer at common law, or otherwise, on account of such injury, loss of service, or death. Workmen's Compensation Law, sec. 11; Code, 1931, sec. 8081(r). It is further provided that the employer shall not be liable in damages for malpractice by a physician or surgeon furnished by him pursuant to the provisions of the law, but the consequences of any such malpractice shall be deemed part of the injury resulting from the accident, and shall be compensated as such. Workmen's Compensation Law, sec. 11; Code, 1931, sec. 8081(hh). Injury or suffering sustained by an employee in consequence of the malpractice of a physician or surgeon furnished by the employer or carrier is not ground for an independent action under our statute; it is a constituent element of the employee's injury for which he is entitled to compensation. In such event the employer and the carrier are primarily liable and the question of secondary liability is eliminated. The subject is discussed and the question is decided in *Brown v. R. R., ante,* 256, in which it is said, also, that C. S., 618, applies only where the defendants or the persons sought to be made parties defendant are liable as joint *tort-feasors.* In the present case Dr. Miller and the carrier are manifestly not joint *tort-feasors* within the meaning of this section. The judgment is

Affirmed.