MRS. A. S. HOOVER, ADMINISTRATRIX OF A. S. HOOVER, DECEASED, v.
GLOBE INDEMNITY COMPANY.

(Filed 2 May, 1934.)

1. **Principal and Agent C d—Held: Complaint failed to show that wrong-ful act of agent was done in scope of authority or was ratified.**

Plaintiff's intestate was injured by an accident covered by the Workmen's Compensation Act. Plaintiff brought action against the insurer liable for the injury and alleged that the intestate procured medical services for the injury and also for other ailments not covered by the Compensation Act, that defendant's agent, employed to provide medical

attention only for injuries to employees for which defendant was liable, took charge of intestate and prevented him from obtaining medical attention for the ailments not covered by Compensation Act, and that as a result of not getting medical attention for such ailments, intestate died. *Held*, defendant's demurrer to the complaint should have been sustained, it not appearing upon the face of the complaint by a most liberal construction that the acts of defendant's agent complained of were done in the course of his employment, or that such acts were authorized or ratified by defendant.

**2. Master and Servant F a—Semble: action for wrongful act of insurer's agent relating to medical attention for injured employee was in jurisdiction of Industrial Commission.**

Plaintiff brought suit for the wrongful act of insurer's agent in preventing plaintiff's intestate from obtaining medical attention for ailments not connected with intestate's injury covered by the Compensation Act. Insurer's agent was employed to procure medical attention only for injuries to employees covered by insurer's policy. *Semble*, the Industrial Commission had exclusive jurisdiction of the action.

APPEAL by defendant from *Harding, J.,* at December Term, 1933, of GASTON. Reversed.

This is an action to recover damages for the wrongful death of plaintiff's intestate, upon the allegation that this death was caused by the wrongful act of the defendant.

During the month of January, 1930, plaintiff's intestate was injured by an accident which arose out of and in the course of his employment. At the date of the accident, both plaintiff's intestate and his employer were subject to the provisions of the North Carolina Workmen's Compensation Act. The employer carried insurance in accordance with the provisions of said act. The defendant was the insurance carrier of the employer.

It is alleged in the complaint that after he was injured by said accident, plaintiff's intestate procured a competent and capable physician to treat him for his injuries, and also for certain bodily ailments, which developed thereafter, but which were in nowise connected with said injuries; that while said physician was treating plaintiff's intestate in a skillful and successful manner, an agent of the defendant assumed and took absolute and complete control of plaintiff's intestate, and prevented him from procuring medical treatment for his bodily ailments which had developed after his injuries, and which were in nowise connected with said injuries; and that thereafter, as the result of his failure to procure medical treatment of his said bodily ailments, plaintiff's intestate died on or about 26 July, 1930.

It is further alleged in the complaint that the wrongful act of defendant's agent prevented plaintiff's intestate from procuring medical treatment for his bodily ailments, and was the proximate cause of his death;

and that by the death of her intestate, plaintiff has suffered damages in the sum of $3,000.

The defendant demurred to the complaint on the ground that the Superior Court of Gaston County is without jurisdiction of the action, and on the further ground that the facts alleged in the complaint are not sufficient to constitute a cause of action against the defendant.

The demurrer was overruled, and the defendant appealed to the Supreme Court.

*S. J. Durham, J. L. Hamme and J. C. Taylor for plaintiff.*
*P. W. Garland for defendant.*

CONNOR, J. Conceding, without deciding, that the facts alleged in the complaint are sufficient to constitute a cause of action in favor of the plaintiff and against the agent of the defendant, and that the Superior Court of Gaston County would have jurisdiction of an action instituted by the plaintiff against said agent to recover on such cause of action, we are of the opinion that the facts alleged in the complaint are not sufficient to constitute a cause of action against the defendant. It does not appear from the complaint, construed most liberally in favor of the plaintiff, that the wrongful act of its agent was within the scope of his employment by the defendant, or that such act was authorized or ratified by the defendant. The agent of the defendant was authorized by his employment to procure medical treatment for persons who had been injured by accidents which arose out of and in the course of this employment, where the defendant by reason of its contracts with their employers, was liable for compensation for such injuries, under the provisions of the North Carolina Workmen's Compensation Act. He was not authorized by his employment to procure medical treatment for ailments which were in nowise connected with such injuries. The act of the agent as alleged in the complaint was beyond the scope of his employment, and for that reason, in the absence of allegations that said act was specially authorized by the defendant, or that defendant had ratified the act of its agent, the defendant is not liable for damages resulting from the act of its agent. The defendant's demurrer should have been sustained.

If by a most liberal construction of the allegations of the complaint, it would be held that the defendant is liable to the plaintiff in this action, upon the allegations of the complaint, it would seem that the North Carolina Industrial Commission would have jurisdiction of the claim of the plaintiff against the defendant. See *Hoover v. Indemnity Co.,* 202 N. C., 655, 163 S. E., 758. The order overruling the demurrer is

Reversed.