ELVIN AIKEN v. JAMES L. SANDERFORD AND JOHN F. SANDERFORD, TRADING AND DOING BUSINESS AS SANDERFORD FUEL SERVICE.

(Filed 6 January, 1953.)

**1. Automobiles §§ 24½ a, 24½ e—**

G.S. 20-71.1 is not applicable to an action not brought within one year after the cause of action accrues.

**2. Same—**

In order to hold the owner of a vehicle liable under the doctrine of *respondeat superior,* plaintiff must allege and prove that the driver was guilty of negligence constituting a proximate cause of the injury and that the relationship of master and servant existed between the owner and the driver at the time of and in respect to the transaction out of which the injury arose.

**3. Automobiles § 24½ a—**

Complaint alleging in effect that defendants owned the vehicle in question and that it was negligently operated by one of their drivers fails to state a cause of action against the owners under the doctrine of *respondeat superior,* it being required that it be alleged that the driver was at the time acting within the scope of his employment.

**4. Appeal and Error § 37—**

Failure of plaintiff to state a cause of action may be raised by a party in his brief on appeal, or the Supreme Court may take cognizance thereof *ex mero motu.*

---

AIKEN *v.* SANDERFORD.

---

**5. Pleadings § 24c—**

> *Probata* without *allegata* is unavailing.

APPEAL by plaintiff from *Bone, J.,* October Term, 1952, of GRANVILLE.

Civil action to recover damages for injury to plaintiff's automobile alleged to have been caused by the actionable negligence of the defendants. At the close of the plaintiff's evidence the defendants' motion for judgment of nonsuit was allowed. From the judgment based on such ruling the plaintiff appealed, assigning error. Affirmed.

*J. Grover Lee for plaintiff, appellant.*
*Hugh M. Currin for defendant, appellee.*

PARKER, J. On 8 December, 1950, about 1:30 p.m., the plaintiff's wife was operating his automobile on Fleming Street in the Town of Creedmoor, traveling east at around 20 or 25 miles an hour on the right side of the street. Fleming Street runs east and west. The defendants had a fuel station on the south side of this street. On the west side of this station was a driveway. The plaintiff's wife saw a pickup truck loaded with coal standing in the driveway. About the time she drove by the driveway, this truck backed out into the street, and there was a collision between it and the plaintiff's automobile causing damage to both. The driver of the truck was Charlie Moss. The truck belonged to the defendants. The plaintiff commenced his action on 15 December, 1951.

The only allegation in the complaint as to the relationship of the driver of the truck to the defendants appears in paragraph 5, as follows: "one Ford truck owned by the defendants loaded with coal and being operated by one of the drivers of the defendants, whose name, so this plaintiff is informed, was Charlie Moss." The plaintiff filed no amended complaint or reply.

G.S. 20-71.1 entitled in part "Ownership evidence of defendant's responsibility for conduct of operation" is not applicable as the plaintiff did not bring his action within one year after his cause of action accrued.

To avoid a compulsory nonsuit it is requisite for the plaintiff to allege and offer evidence tending to show three things: (1) that Moss was negligent; (2) that the negligence of Moss was the proximate cause of the injury to the plaintiff's automobile; and (3) that the relation of master and servant existed between the defendants and Moss at the time of the injury, and in respect to the transaction out of which the injury arose. *Hoover v. Indemnity Co.,* 206 N.C. 468, 174 S.E. 308; 35 Am. Jur., Master and Servant, Sec. 593, p. 1032; *Carter v. Motor Lines,* 227

N.C. 193, 41 S.E. 2d 586; *Graham v. Gas Co.,* 231 N.C. 680, 58 S.E. 2d 757.

We have examined the complaint in *Hoover v. Indemnity Co.,* 206 N.C. 468, 174 S.E. 308, and this is the allegation in respect to the agent and the defendant: Paragraph 5 "That during said period of treatment the defendant, through and by means of its duly constituted servant and agent, one P. B. Clark, whom this plaintiff is informed, believes and so alleges was its claim adjuster and general agent to direct and control such cases as may develop against the defendant, Globe Indemnity Company, under the North Carolina Workmen's Compensation Act, assumed and took absolute and complete physical control of the plaintiff's. intestate against his wishes, etc." In that case *Mr. Justice Connor* speaking for the court in reversing the overruling of a demurrer said: "Conceding, without deciding, that the facts alleged in the complaint are sufficient to constitute a cause of action in favor of the plaintiff and against the agent of the defendant, and that the Superior Court of Gaston County would have jurisdiction of an action instituted by the plaintiff against said agent to recover on such cause of action, we are of the opinion that the facts alleged in the complaint are not sufficient to constitute a cause of action against the defendant. It does not appear from the complaint, construed most liberally in favor of the plaintiff, that the wrongful act of its agent was within the scope of his employment by the defendant, or that such act was authorized or ratified by the defendant."

The defendant in his brief has raised the point that in his complaint the plaintiff has failed to allege that Charlie Moss, the driver of the defendants' truck, was acting within the scope of his employment. If the defendants had not raised the point, we would do so *ex mero motu.* McIntosh, North Carolina Practice and Procedure, Section 436, page 447, citing *McDougald v. Graham,* 75 N.C. 310; *Tucker v. Baker,* 86 N.C. 1; *Garrison v. Williams,* 150 N.C. 674, 64 S.E. 783. The last cited case has been cited and approved in *Snipes v. Monds,* 190 N.C. 190, 129 S.E. 413; *Seawell v. Cole,* 194 N.C. 546, 140 S.E. 85; *Key v. Chair Co.,* 199 N.C. 794, 156 S.E. 135; *Watson v. Lee County,* 224 N.C. 508, 31 S.E. 2d 535, and in *Lamm v. Crumpler,* 233 N.C. 717, 65 S.E. 2d 336. See also *Hopkins v. Barnhardt,* 223 N.C. 617, 27 S.E. 2d 644.

The complaint most liberally construed fails to allege that Charlie Moss was an agent of the defendants at the time and in respect to the transaction out of which the injury to plaintiff's automobile arose. *Probata* without *allegata* is insufficient. Both must concur to establish a cause of action. *Whichard v. Lipe,* 221 N.C. 53, 19 S.E. 2d 14.

The judgment of nonsuit of the court below is
Affirmed.