## N. J. BRYANT v. DR. R. J. DOUGHERTY.

(Filed 16 June, 1966.)

**1. Master and Servant §§ 45, 86—**

The relationship of employee and employer within the purview of the Workmen's Compensation Act is jurisdictional and the Industrial Commission has no jurisdiction of claims which do not arise out of this relationship; nor does the Act take away any common law right of the employee for damages, even as against the employer, when the right of action is disconnected with the employment and pertains to the employee as a member of the public. G.S. 97-10.1.

**2. Master and Servant § 82—**

The Industrial Commission is not a court of general jurisdiction and has no jurisdiction of an action for malpractice against a physician or surgeon who is not employed full time by the employer but is merely selected by the employer to treat the employee for injuries received in the course of his employment, even though as against the employer and its insurance carrier the employee's right to recover for such aggravation of his injury is limited to the benefits provided by the Act. G.S. 97-26.

**3. Courts § 3—**

The Superior Court is a court of general jurisdiction and has jurisdiction of all actions for personal injury due to negligence except insofar as it has been deprived of such jurisdiction by statute.

**4. Master and Servant § 86;   Physicians and Surgeons § 11—**

The North Carolina Workmen's Compensation Act does not deprive an employee of a right to maintain an action at common law for malpractice against the physician or surgeon selected by the employer to treat his injuries received in the course of his employment when the physician is not a full time employee of the employer. G.S. 97-10.1, G.S. 97-10.2, G.S. 97-26, G.S. 97-9.

MOORE, J., not sitting.

APPEAL by plaintiff from Riddle, S.J., March 1966 Civil Session of MOORE.

The plaintiff alleges in his complaint, in substance, that while he was at work as an employee of West End Table Company, on 31 May 1962, he sustained an injury when a box fell and struck him, fracturing his leg; he went to the defendant, a physician, for treatment; the defendant was negligent in treating him and he was damaged.

The defendant filed an answer in which he admits that the plaintiff, while working as an employee for West End Table Company, received an injury to his thigh for which the plaintiff consulted the defendant on 6 June 1962, but denies that he was negligent in his treatment of the plaintiff. He also sets forth five further answers which may be summarized as follows:

(1)   At the time of the plaintiff's injury and at the time he consulted the defendant therefor, the plaintiff and his employer were subject to and had accepted the provisions of the North Carolina Workmen's Compensation Act; the defendant examined the plaintiff at the request of the plaintiff's employer and prescribed treatment, being paid for his services by the employer's insurance carrier; if the plaintiff was injured by any negligent act or conduct of the defendant, the plaintiff's claim therefor is in the exclusive jurisdiction of the North Carolina Industrial Commission and the superior court does not have jurisdiction of this action.

(2)   Prior to the institution of this action, the plaintiff instituted a suit in the Superior Court of Moore County to recover damages for the same alleged cause of action; a judgment was entered therein by the superior court, adjudging that it was without jurisdiction and retiring the suit from the civil issue docket for the reason that the North Carolina Industrial Commission had exclusive jurisdiction thereof; the plaintiff did not appeal from that judgment and it is a bar to the right of the plaintiff to maintain the present action.

(3)   The plaintiff filed with the North Carolina Industrial Commission notice of his injury by accident arising out of and in the course of his employment by West End Table Company; the Commission conducted a hearing and awarded compensation, from which award the plaintiff did not appeal; the plaintiff received and accepted from the employer's insurance carrier payment of the compensation so awarded to him; the award was for the full amount of the compensation which the plaintiff was entitled to receive on account of the injury sustained by him on 31 May 1962, and it is pleaded in bar of the right of the plaintiff to maintain the present action.

(4)   Subsequent to the above mentioned judgment of the Su-

perior Court of Moore County in the former action, the plaintiff requested a further hearing by the Industrial Commission of his claim against his employer and its insurance carrier on account of the damage suffered by reason of the alleged malpractice by the defendant in this action, which rehearing was had; the North Carolina Industrial Commission, on 13 February 1964, dismissed the plaintiff's employer and its insurance carrier as parties to that proceeding and made the present defendant a party defendant thereto; then the Commission dismissed the entire proceeding for lack of jurisdiction; from this order of the Commission the plaintiff did not appeal, and the order is pleaded in bar of his right to maintain the present action.

(5) The right of the plaintiff to maintain this action is barred by the three year statute of limitations.

The plaintiff filed a motion to strike each of the foregoing five further answers of the defendant. This motion came on to be heard before Riddle, S.J. At the hearing the plaintiff admitted that, on the date of his injury and on the date of his visit to the defendant, the plaintiff and his employer were subject to the provisions of the North Carolina Workmen's Compensation Act and had accepted the provisions thereof. The plaintiff further admitted that the defendant examined the plaintiff at the request of the plaintiff's employer, prescribed treatment for his injuries and complaints and was paid for his services by the insurance carrier of the plaintiff's employer. Upon these admissions, the court found and concluded that the action is within the exclusive jurisdiction of the North Carolina Industrial Commission and the superior court was without jurisdiction thereon. Upon this finding and conclusion, the court ordered and adjudged that this action be dismissed and that it be retired from the civil issue docket for lack of jurisdiction in the said court to hear and determine it. It is from this judgment that the plaintiff appeals.

*Seawell & Seawell & Van Camp for plaintiff appellant.*
*W. D. Sabiston, Jr., for defendant appellee.*

LAKE, J. In *Hunt v. Bradshaw,* 242 N.C. 517, 88 S.E. 2d 762, this Court said:

"A physician or surgeon who undertakes to render professional services must meet these requirements: (1) He must possess the degree of professional learning, skill and ability which others similarly situated ordinarily possess; (2) he must

exercise reasonable care and diligence in the application of his knowledge and skill to the patient's case; and (3) he must use his best judgment in the treatment and care of his patient. [Authorities cited.] If the physician or surgeon lives up to the foregoing requirements he is not civilly liable for the consequences. If he fails in any one particular, and such failure is the proximate cause of injury and damage, he is liable."

G.S. 97-26, which is part of the North Carolina Workmen's Compensation Act, provides:

"[T]he employer shall not be liable in damages for malpractice by a physician or surgeon furnished by him pursuant to the provisions of this section, but the consequences of any such malpractice shall be deemed part of the injury resulting from the accident, and shall be compensated for as such."

The Workmen's Compensation Act relates to the rights and liabilities of employee and employer by reason of injuries and disabilities arising out of and in the course of the employment relation. Where that relation does not exist the Act has no application. *Hicks v. Guilford County*, 267 N.C. 364, 148 S.E. 2d 240. Where the employer and the employee are subject to and have accepted and complied with the provisions of the Act, the rights and remedies therein granted to the employee exclude all other rights and remedies in his favor against the employer. G.S. 97-10.1. The Act does not, however, take away any common law right of the employee, even as against the employer, provided the right be one which is disconnected with the employment and pertains to the employee, not as an employee but as a member of the public. *Barber v. Minges*, 223 N.C. 213, 25 S.E. 2d 837.

The Industrial Commission is not a court of general jurisdiction. *Barber v. Minges, supra.* It has no jurisdiction except that conferred upon it by statute. The Workmen's Compensation Act does not confer upon the Commission jurisdiction to hear and determine an action, brought by an injured employee against a physician or surgeon, to recover damages for injury due to the negligence of the latter in the performance of his professional services to the employee. G.S. 97-26 relates to the right of the employee to recover damages or benefits under the Act from the employer, and so from the insurance carrier of the employer. It does not impose liability upon the physician or surgeon or relieve him thereof.

Damages recoverable in a common law action for negligent injury include damages for aggravation of the original injury by the malpractice of a physician or surgeon who undertakes to treat it.

*Bost v. Metcalfe,* 219 N.C. 607, 14 S.E. 2d 648; *Smith v. Thompson,* 210 N.C. 672, 188 S.E. 395. The purpose of the provision in G.S. 97-26 is to treat the consequences of malpractice by a physician or surgeon as part of the consequences of the original injury as between the employee and the employer, and so, the employer's insurance carrier. Thus, the employee's right to benefit under the Act on account of the consequences of such malpractice does not depend upon the employer's negligence. Conversely, the employer's liability for such consequences of malpractice by a physician or surgeon is limited to those benefits provided under the Act. It was not the purpose of this statute to affect in any way the liability of the physician or surgeon.

In *Hoover v. Indemnity Co.,* 202 N.C. 655, 163 S.E. 758, the plaintiff sued the employer's insurance carrier for alleged wrongful death of the employee due to negligent treatment of the employee by a physician selected by the insurance carrier. The physician was not made a party to the action by the plaintiff. The insurance carrier filed a cross-complaint against the physician for contribution on the theory that if the carrier and the physician were negligent they were joint tort feasors. The physician demurred to the cross-complaint and his demurrer was sustained. Adams, J., speaking for the Court, said, "Injury or suffering sustained by an employee in consequence of the malpractice of a physician or surgeon furnished by the employer or carrier is not ground for an independent action under our statute; it is a constituent element of the employee's injury for which he is entitled to compensation." Obviously, this statement refers to the factual situation then before the Court; that is, the malpractice of the physician or surgeon selected by the employer or carrier is not ground for an independent action against the employer or the carrier but is, as to them, one of the consequences of the original injury and is to be compensated as such in accordance with the provision of the Act. That being true, the Court held that the cross-action for contribution on the theory that the carrier and the physician were joint tort feasors did not lie. The decision in the *Hoover* case does not relate to the right of the injured employee to proceed directly against the physician or surgeon for damages due to negligent treatment of the original injury. That question is now presented to this Court for the first time.

The judgment below dismissed the plaintiff's action against the physician for want of jurisdiction in the superior court to determine the rights of the parties. The superior court, unlike the Industrial Commission, is a court of general jurisdiction. It has the jurisdiction of all actions for personal injuries due to negligence, except in-

sofar as it has been deprived of such jurisdiction by statute. Since the Workmen's Compensation Act does not confer upon the Industrial Commission jurisdiction to hear and determine the right of a patient to recover damages from a physician or surgeon for injury by the negligence of the latter in the performance of his professional duties, unless the Act destroys the common law right of the patient to sue for such damages, that right continues and the superior court has jurisdiction to hear such action and adjudicate the rights and liabilities of the parties.

G.S. 97-10.1 provides that where the employee and the employer are subject to and have accepted and complied with the provisions of the Workmen's Compensation Act, the rights and remedies granted by that Act to the employee, his dependents, next of kin, or personal representative "shall exclude all other rights and remedies of the employee, his dependents, next of kin, or representative as *against the employer* at common law or otherwise on account of such injury or death." [Emphasis added.] Obviously, this statute applies only to proceedings against the employer, and so against his insurance carrier. It is designed to carry out the purpose of the Workmen's Compensation Act, which is to provide limited benefits to an employee for an injury by accident arising out of and in the course of his employment, and for certain occupational diseases, regardless of negligence or other fault on the part of the employer, and, on the other hand, to limit the liability of the employer so as to protect him against the possibility of a much larger judgment, such as was possible   at common law when negligence by the employer was found. This provision of the Act has no relation to the liability of an attending physician or surgeon for negligence in the treatment of an injured employee.

A similar provision is contained in G.S. 97-9, which provides:

> "Every employer who accepts the compensation provisions of this article shall secure the payment of compensation to his employees in the manner hereinafter provided; and while such security remains in force, he *or those conducting his business* shall only be liable to any employee who elects to come under this article for personal injury or death by accident to the extent and in the manner herein specified." [Emphasis added.]

Virginia has a like provision in its Workmen's Compensation Act. The Virginia Act is also similar to ours in all other provisions material to this question. In *Fauver v. Bell*, 192 Va. 518, 65 S.E. 2d 575, the right of an employee to sue a physician or surgeon for malpractice was sustained though the plaintiff had been awarded and

had accepted payment of compensation under the Virginia Act on account of the original injury so treated by the defendant physician. The Court said:

> "It is next argued that the treatment of compensatory injury is a part of the employer's business, because he is compelled to furnish medical attention and made liable for the consequences of malpractice, and that, hence the attending physician or surgeon falls within the category of 'those conducting his (the employer's) business. * * *'
>
> "There is no merit in the contention. * * * The employer was not engaged in the business or profession of practicing medicine or surgery. The physician, on the other hand, was not engaged in the business pursuit of the employer but in his own business or calling. He was an independent contractor and not a fellow servant of the employee. He was a third party, a party conducting his own business, a business other than that of the employer or the employee."

We do not have before us the question of the right of an injured employee to bring suit against a physician who is employed, full time, by the plaintiff's employer to treat and care for those sustaining injuries in the employer's business. Where, as here, the physician is carrying on an independent practice of medicine or surgery, we agree with the Supreme Court of Appeals of Virginia that he is not "conducting the business" of an industrial corporation merely because the manager of the plant sends to him, for examination and treatment, those who, from time to time, sustain injuries in the plant. Thus, we hold that, under these circumstances, G.S. 97-9 does not deprive the employee of his common law right to sue a physician or surgeon who, in the course of such examination or treatment, is negligent and thereby aggravates the original injury.

G.S. 97-10.2 governs the respective rights of the employee, the employer and the employer's insurance carrier to maintain actions for damages against third parties; that is, persons other than the employer and those conducting his business. Paragraph (f) of this section of the Act provides adequate protection against double recovery by the injured employee on account of aggravation of his original injury through the physician's negligence.

There is a wide diversity of opinion among the courts of the several states concerning the right of the employee, who has received compensation under the Workmen's Compensation Act, to maintain a suit for malpractice against the physician or surgeon who treated his original injury. Much of the diversity is due to differences between the statutes of the respective states. It would

serve no useful purpose to attempt to review in this opinion the variety of the views prevailing as to the proper application of the variety of statutes. For compilations and analyses of these authorities, see: Larson, Workmen's Compensation Law, §§ 72.61 and 72.64; Schneider, Workmen's Compensation Text, § 841; Annotations: 82 A.L.R. 932, 139 A.L.R. 1010; 101 C.J.S., Workmen's Compensation, § 1043. Having considered all of these views, we come to the conclusion that the opinion of the Supreme Court of Appeals of Virginia in *Fauver v. Bell, supra,* correctly construes and applies the provisions of a Workmen's Compensation Act similar to our own. We find no basis in our statute for making a distinction between the right to sue a third person who, by negligence, causes the original injury and the right to sue a third person who, by negligence, causes an aggravation of it.

Since the Workmen's Compensation Act does not abrogate the employee's common law right of action against the attending physician or surgeon, and does not confer upon the Industrial Commission jurisdiction to hear and determine such action, the superior court had jurisdiction to do so, and the judgment dismissing this action for want of jurisdiction in the superior court was erroneous.

We express no opinion as to the merits of the plaintiff's claim or as to the ruling which should be made upon any portion of his motion to strike the various further answers filed by the defendant except insofar as they may relate to the jurisdiction of the superior court to adjudicate actions of this general nature. For the determination of those matters, the action must be remanded to the superior court.

Reversed and remanded.

MOORE, J., not sitting.