## N. J. BRYANT v. DR. R. J. DOUGHERTY.

(Filed 20 June, 1967.)

**1. Appeal and Error § 60;    Pleadings § 34—**

Where it is determined on appeal that a certain state of facts does not constitute a defense to plaintiff's action, and the cause is remanded, defendant's allegation thereafter of the same state of facts as a defense is properly stricken.

**2. Courts § 3;    Pleadings § 34;    Judgments § 19—**

The Superior Court has no jurisdiction to transfer to another tribunal a matter over which the Superior Court has jurisdiction and such other tribunal has none, and therefore an order of the Superior Court transferring a cause within its jurisdiction to the Industrial Commission is void, and such order, even though no appeal is entered therefrom, cannot constitute a bar, and allegations that such an order constituted *res judicata* are properly stricken on motion.

**3. Judgments § 30;    Pleadings § 34—**

An award of compensation to an employee against his employer and the employer's insurance carrier for an injury arising out of and in the course of the employment does not purport to adjudicate the employee's claim against a physician for damages sustained from the negligent treatment of the injury by the physician, and therefore allegations setting up the award of the Industrial Commission as a bar to the action for malpractice are properly stricken.

**4. Courts § 2;    Pleadings § 34—**

Subsequent to a void order of the Superior Court transferring the cause to the Industrial Commission, the plaintiff requested the Commission to hear the matter. *Held:* Plaintiff's request that the Commission hear the matter could not confer jurisdiction on the Commission, since jurisdiction may not be conferred on a court by consent, and the order of the Commission dismissing the action cannot constitute *res judicata* of the plaintiff's right to proceed with the action in the Superior Court.

**5. Same;    Limitation of Actions § 12—**

A void order purporting to transfer the cause from the Superior Court which had jurisdiction to the Industrial Commission which had no jurisdiction, does not take the cause out of the Superior Court, and the cause remains in the Superior Court so that when a voluntary nonsuit is thereafter entered in the Superior Court another action entered within a year is not barred. G.S. 1-25.

APPEAL by defendant from *Brock, S.J.,* at the September 1966 Civil Session of MOORE.

Upon the former appeal in this action, 267 N.C. 545, 148 S.E. 2d 548, a judgment of the superior court dismissing this action for want of jurisdiction in such court was reversed. The matter then came on for further hearing in the superior court upon the motion of the plaintiff to strike five further answers and defenses included

in the answer filed by the defendant. Upon such hearing, each of the said further answers and defenses was "overruled"; that is, in effect, the motion to strike each such further answer and defense was allowed.

The allegations of the complaint, the answer in chief, and each of the five further answers and defenses may be briefly summarized as follows:

I. *The Complaint.* The plaintiff sustained an injury by accident arising out of and in the course of his employment. He consulted the defendant, a physician, with reference to such injury. By negligence of the defendant in his treatment of the plaintiff, the plaintiff's injury was aggravated, causing him damage for which he sues. This action was instituted within 12 months after the plaintiff took a judgment of voluntary nonsuit in a former action brought for the same cause in the Superior Court of Moore County.

II. *Answer in Chief.* The superior court had no authority to enter the judgment of voluntary nonsuit in the former action. The defendant treated the plaintiff for the injury described in the complaint. All allegations of negligence by the defendant in such treatment are denied.

III. *First Further Answer and Defense.* At the time of the plaintiff's injury, he and his employer were subject to the provisions of the North Carolina Workmen's Compensation Act. The defendant examined and treated the plaintiff at the request of the employer and was paid for his services by the employer's compensation insurance carrier. If the plaintiff sustained injuries as the result of any negligence by the defendant in his treatment of the plaintiff, the alleged cause of action therefor is within the exclusive jurisdiction of the North Carolina Industrial Commission and the superior court is without jurisdiction of this action.

IV. *Second Further Answer and Defense.* On 30 October 1962, the plaintiff instituted an action in the superior court to recover damages from the defendant on account of the matters and things alleged in the present complaint. [This is the former action referred to in the present complaint.] At the September 1963 Session of the superior court, McConnell, J., adjudged as a matter of law that such former action was within the exclusive jurisdiction of the North Carolina Industrial Commission and thereupon entered a judgment that such former action "be retired from the civil issue docket and that the same be and it is hereby transferred to the North Carolina Industrial Commission for further proceedings according to law." The plaintiff did not appeal from that judgment. It "is *res judicata* of all the matters and things alleged in the complaint filed by the

plaintiff in this action," and is pleaded in bar of the plaintiff's right to maintain this action.

V. *Third Further Answer and Defense.* The plaintiff filed with the Industrial Commission a claim against his employer and its compensation insurance carrier for compensation in conformity with the Workmen's Compensation Act. Such claim was heard by the Commission, which issued an award of compensation to the plaintiff. The plaintiff did not appeal therefrom, but received and accepted the compensation so awarded him from his employer's insurance carrier. Such award was in full payment of all compensation to which the plaintiff was entitled on account of his injury and is *"res judicata* of all the matters and things alleged in the complaint filed by the plaintiff in this action." It is pleaded in bar of his right to maintain this action.

VI. *Fourth Further Answer and Defense.* Subsequent to the judgment of McConnell, J., in the former action, the plaintiff requested the Industrial Commission to hear its docket entitled *"N. J. Bryant vs. West End Table Company and Lumbermens Mutual Casualty Company"* [the matter in which the Commission had previously entered its award of compensation]. The Commission set that matter for a further hearing and, at such hearing, entered its order reciting its finding [which was correct] that the plaintiff therein was not seeking a further award from his employer or his employer's insurance carrier but was seeking recovery from the present defendant, for which reason the Commission dismissed the employer and its insurance carrier as party defendants, made the present defendant a party to that proceeding and thereupon dismissed the entire proceeding "for lack of jurisdiction by the Industrial Commission." The plaintiff did not appeal from such order of the Industrial Commission. It "is *res judicata* of all matters and things alleged in the complaint filed by the plaintiff in this action," and is pleaded in bar of the right of the plaintiff to maintain this action.

VII. *Fifth Further Answer and Defense.* The right of the plaintiff to maintain this action is barred by the Three Year Statute of Limitations.

*William D. Sabiston, Jr., for defendant appellant.*
*Seawell & Seawell & Van Camp for plaintiff appellee*

LAKE, J. Upon the former appeal in this action, 267 N.C. 545, 148 S.E. 2d 548, we had before us the judgment entered by Riddle, S.J., dismissing the action for lack of jurisdiction in the superior court to hear and determine it for the reason that the matter was

within the exclusive jurisdiction of the Industrial Commission. We reversed the judgment, saying:

"The Workmen's Compensation Act does not confer upon the Commission jurisdiction to hear and determine an action, brought by an injured employee against a physician or surgeon, to recover damages for injury due to the negligence of the latter in the performance of his professional services to the employee. G.S. 97-26 relates to the right of the employee to recover damages or benefits under the Act from the employer, and so from the insurance carrier of the employer. It does not impose liability upon the physician or surgeon or relieve him thereof.

\* \* \*

"Since the Workmen's Compensation Act does not abrogate the employee's common law right of action against the attending physician or surgeon, and does not confer upon the Industrial Commission jurisdiction to hear and determine such action, the superior court had jurisdiction to do so, and the judgment dismissing this action for want of jurisdiction in the superior court was erroneous."

The question of the sufficiency of the defendant's First Further Answer as a defense to the cause of action alleged in the complaint was, therefore, determined by our decision on the former appeal and there was no error in the order now before us adjudging that such First Further Answer is overruled; i.e., stricken.

Since the Superior Court of Moore County had jurisdiction over the former action and the North Carolina Industrial Commission had no jurisdiction to hear and determine it, the judgment of McConnell, J., that it "be retired from the civil issue docket" of the superior court and be "transferred to the North Carolina Industrial Commission for further proceedings according to law" was void. The superior court has no jurisdiction to transfer to another tribunal for trial and determination a matter over which the superior court has jurisdiction and such other tribunal has none. This order by McConnell, J., did not purport to dismiss the former action or to determine its merits, but only to transfer it to the Industrial Commission, which the superior court had no power to do. There was, therefore, no error in the order now before us in determining that the Second Further Answer is not sufficient to constitute the defense to the cause of action alleged in the complaint and adjudging that such Second Further Answer be overruled; i.e., stricken.

The original order of the Industrial Commission awarding compensation to the plaintiff was an award against his employer and

the employer's insurance carrier. As we stated in our opinion upon the former appeal, this was a determination of the plaintiff's rights against his employer and the latter's insurance carrier, not a determination of his rights against the defendant on account of the matters and things alleged in his present complaint. The matters now alleged are not *res judicata* by reason of that award. Consequently, there was no error in the order now before us in the determination that the Third Further Answer does not constitute a defense to the cause of action alleged in the present complaint and that it be overruled; *i.e.*, stricken.

Since the order of McConnell, J., purporting to "retire" the former action from the civil issue docket of the superior court and to transfer it to the Industrial Commission, for hearing and determination, was void, the Industrial Commission thereby acquired no jurisdiction over such former action. It is immaterial that subsequent to such order by McConnell, J., the plaintiff requested the Industrial Commission to hear the matter since jurisdiction over the subject matter of an action cannot be conferred by consent of the parties. *Hart v. Motors*, 244 N.C. 84, 92 S.E. 2d 673, and cases therein cited. The cause of action alleged in the present complaint is, therefore, not *res judicata* by reason of the order of the Industrial Commission entered with reference to the former action. There was no error in the order now before us in the holding that the defendant's Fourth Further Answer is not a sufficient defense to the cause of action alleged in the present complaint and that it be overruled; *i.e.*, stricken.

Since the order of McConnell, J., purporting to "retire" the former action from the civil issue docket of the Superior Court of Moore County and to transfer it, for hearing and determination, to the Industrial Commission was a nullity, the former action remained in the Superior Court of Moore County until the judgment of voluntary nonsuit was entered therein in January 1965. That judgment was, therefore, a valid judgment of voluntary nonsuit. The plaintiff having instituted the present action within a year after the entry of that judgment, namely, 16 December 1965, it was entered within the time allowed by G.S. 1-25. There was, therefore, no error in the order now before us by reason of the holding that the defendant's Fifth Further Answer is overruled; *i.e.*, stricken.

Affirmed.