**Susan Jacobs SMITH, Plaintiff,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant.**

No. C–74–262–D.

United States District Court,
M. D. North Carolina,
Durham Division.

April 24, 1978.

E. K. Powe and Charles R. Holton, Durham, N. C., for plaintiff.

James L. Newsom and E. C. Bryson, Jr., Durham, N. C., for defendant.

## MEMORANDUM OPINION

GORDON, Chief Judge.

This matter is before the Court for a determination of the defendant's motion for the Court to reconsider and vacate that portion of the Court's Memorandum and Order of March 2, 1976, which denied the defendant's motion for summary judgment upon its third defense and allowed the plaintiff's motion to dismiss the defendant's third defense to the claims set forth in the complaint. After a thorough consideration of the facts in this case, the briefs of counsel and their arguments to the Court, the Court now concludes that the defendant's motion for a reconsideration of the Court's Memorandum and Order of March 2, 1976, should be allowed.

On August 23, 1974, the plaintiff Susan Jacobs Smith instituted this breach of contract and negligence action against the defendant Liberty Mutual Insurance Company alleging that she is entitled to recover damages from the defendant on account of injuries she sustained while performing her employment duties at a Collins and Aikman facility in Person County, North Carolina. At all times material to the allegations in the complaint, the plaintiff was employed by the Collins and Aikman Corporation at its Person County facility. The defendant Liberty Mutual is the workmen's compensation insurance carrier for the Collins and Aikman facility where the plaintiff was injured while operating a loom during the course and scope of her employment duties with Collins and Aikman. The jurisdiction of this Court is invoked under 28 U.S.C. § 1332 on the basis of diversity of citizenship.

In her complaint, the plaintiff alleges that the injuries she sustained while performing her employment duties in the Collins and Aikman facility were proximately caused by the defendant's failure to properly inspect the premises and correct the hazardous condition of the loom which she operated. In substance, the plaintiff's tort claim is based upon the defendant's alleged failure to exercise reasonable care in performing safety inspections at the facility. The plaintiff's breach of contract claim is based upon the defendant's alleged breach of contract with Collins and Aikman to perform these same safety inspections. In this regard, the plaintiff asserts that she is a third-party beneficiary to the terms of the workmen's compensation insurance contract between Collins and Aikman and Liberty Mutual. In answering these allegations,

the defendant has denied any negligence on its part which caused the plaintiff's injuries and has specifically denied the existence of any contractual provision requiring it to inspect the premises. In addition to this general denial of the allegations in the complaint, the defendant asserted numerous defenses to the plaintiff's claims for relief.

The defendant's third defense to both counts in the complaint, this defense being the only one presently before the Court for consideration, asserts as a statutory bar to the maintenance of this action the provisions of the North Carolina Workmen's Compensation Act. N.C.Gen.Stat. § 97–1, et seq. In this regard, the defendant, while admitting the allegations which assert that the plaintiff was injured during the scope and course of her employment with her employer Collins and Aikman, asserts that, as the plaintiff's employer's workmen's compensation insurance carrier, it has, pursuant to and in compliance with the obligations imposed upon it by its Workmen's Compensation Policy and the North Carolina Workmen's Compensation Act, paid and is continuing to pay the plaintiff all the benefits she is entitled to receive by virtue of the matters and things complained of in the complaint. Specifically, the defendant contends that it is liable to the plaintiff on account of the matters alleged in the complaint only to the extent and in the manner specified in the North Carolina Workmen's Compensation Act. Accordingly, the defendant asserts that the rights and remedies granted by the Act on account of the injuries the plaintiff has sustained are exclusive of all other rights and remedies the plaintiff may have as against her employer Collins and Aikman, and so as against Liberty Mutual, her employer's workmen's compensation insurance carrier. Therefore, the defendant asserts that the North Carolina Act operates as a bar to the plaintiff's claims for relief and excludes the assertion and prosecution of such claims for relief. The plaintiff asserts that this defense is insufficient as a matter of law and should be stricken from the answer.

On December 23, 1974, the plaintiff filed a motion for judgment on the pleadings as to the defendant's third defense and also moved that it be stricken from the answer on the ground that the third defense is insufficient as a matter of law. Later, on February 26, 1975, the defendant moved for summary judgment on the basis of its third defense to the plaintiff's claims for relief. Both parties filed exhaustive briefs in support of their respective positions on the third defense. In these briefs, counsel for the parties noted the absence of any definitive decision from the North Carolina courts on the particular question raised by their motions on the third defense. Accordingly, the Court, in its Memorandum and Order disposing of these motions, characterized the issue presented by the defendant's third defense as one of first impression in North Carolina. In its discussion, the Court stated the issue for determination in this manner: Whether, "[U]nder the provisions of the North Carolina Workmen's Compensation Act, is a workmen's compensation insurance carrier to be considered as an 'employer' or a 'third party' for purposes of deciding whether recovery can be had under common law against the carrier by an injured worker?"

In its prior examination of the issue of an insuror's liability under the Workmen's Compensation Act, the Court engaged in an extended discussion of the relevant statutes and case law, thus those matters will not be repeated at this time. Smith v. Liberty Mut. Ins. Co., 409 F.Supp. 1211 (M.D.N.C. 1976). In its discussion, the Court initially concluded that the North Carolina decisions failed to provide any reasonably clear and unambiguous guidance for resolving the question of an insuror's liability for damages in excess of the compensation already provided under the Workmen's Compensation Act. Thereafter, the Court undertook an examination of the relevant statutes and concluded that the North Carolina courts would most probably conclude that an insuror should be classified as a "third party" under G.S. § 97–10.2(a) and, as such, be amenable to suit at common law. This conclusion was reached only after a thorough examination of the provisions of G.S.

§§ 97–9 and 97–10.1 which preclude all other rights and remedies of the employee as against the employer at common law on account of any injury to an employee. Accordingly, the Court determined that a prudent adherence to a policy of judicial restraint supported a finding that insurance carriers were not exempt from third party liability in North Carolina.

On April 6, 1978, the defendant filed a motion requesting the Court to reconsider and vacate its Memorandum and Order denying the defendant's motion for summary judgment and granting the plaintiff's motion to dismiss the defendant's third defense. In support of its motion for reconsideration, the defendant has brought to the Court's attention several North Carolina decisions, the significance of which had, apparently, been overlooked by the parties at the time the Court previously addressed the issue presented by the defendant's third defense to the plaintiff's claims. Mindful of this Court's duty to apply the law of North Carolina in this diversity action, *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the Court, upon receipt of the defendant's additional authority, immediately examined these cases to determine whether they provided any meaningful guidance in resolving the issue of whether North Carolina would allow an insurance carrier to stand in the position of the employer and assert the statutory bar to common law actions granted to the plaintiff's employer by virtue of G.S. §§ 97–9 and 97–10.1. While these additional cases are not directly on point to the issue raised by the defendant's third defense, they do provide some reasonably clear guidance for the Court in performing its duty to make an informed prediction of what North Carolina would decide when presented with the question. Accordingly, for the reasons which follow, the Court now concludes that the defendant is entitled, upon the facts in this particular case, to assert the employer's statutory bar to this action.

As previously discussed in the Court's earlier Memorandum and Order, the resolution of the issue of whether a workmen's compensation insurance carrier may be sued under the circumstances presented in the plaintiff's complaint turns on the appropriate construction to be given to three sections of the North Carolina Workmen's Compensation Act. These sections provide as follows:

"97–9. Employer to secure payment of compensation.—Every employer subject to the compensation provisions of this Article shall secure the payment of compensation to his employees in the manner hereinafter provided; and while such security remains in force, he or those conducting his business shall only be liable to any employee for personal injury or death by accident to the extent and in the manner herein specified."

"97–10.1. Other rights and remedies against employer excluded.—If the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee . . . shall exclude all other rights and remedies of the employee . . . as against the employer at common law or otherwise on account of such injury or death."

"97–10.2. Rights under Article not affected by liability of third party; rights and remedies against third parties.—(a) The right to compensation and other benefits under this Article for disability . . . shall not be affected by the fact that the injury or death was caused under circumstances creating a liability in some person other than the employer to pay damages therefor, such person hereinafter being referred to as the "third party." The respective rights and interests of the employee-beneficiary under this Article, the employer, and the employer's insurance carrier, if any, in respect of the common-law cause of action against such third party and the damages recovered shall be as set forth in this section."

In the Court's prior discussion of these sections, the Court concluded that the defendant was a "third party" as described in G.S. § 97–10.2 and, thus, not entitled to the protection extended to the employer under

G.S. §§ 97–9 and 97–10.1. In reaching this decision, the Court, as it then appeared, was required to make a reasoned guess at what the North Carolina courts would decide in reaching the merits of this issue. In its recent Memorandum, the defendant presented to the Court authoritative guidance from the North Carolina Supreme Court for use in determining the issue. The cases now particularly relied upon by the defendant were cited in cases referred to in the initial briefs by counsel, but the Court in its research and study failed to fully examine the cases now specifically cited by counsel.

In deciding whether North Carolina would permit a workmen's compensation insurance carrier to claim the benefit of G.S. §§ 97–9 and 97–10.1, the Court must determine whether the insurance carrier may be treated as an "employer" or one of "those conducting his business," thus entitling the defendant to the protection of the statutory bar to common law actions found in G.S. §§ 97–9 and 97–10.1. In this regard, the North Carolina Supreme Court's decisions in *Hoover v. Globe Indemnity Co.*, 202 N.C. 655, 163 S.E. 758 (1932, Hoover I); *Hoover v. Globe Indemnity Co.*, 206 N.C. 468, 174 S.E. 308 (1934, Hoover II); and *Bryant v. Dougherty*, 267 N.C. 545, 148 S.E.2d 548 (1966) are of particular importance.

In *Hoover I*, the plaintiff's intestate was injured during the course and scope of his employment with Cramerton Mills. The defendant was the employer's workmen's compensation insurance carrier. Subsequent to the employee's injury, the defendant caused the employee to be treated by one of its own doctors whose negligence allegedly caused the employee's death. Later, the administratrix of the deceased employee's estate brought a negligence action against the insurance carrier for the employee's death. Responding to the defendant's motion for a bill of particulars, the plaintiff alleged that Dr. Miller, an employee of the defendant, was negligent in his treatment of the injured employee thus causing his death. Thereafter, the carrier filed a cross-complaint against Dr. Miller

for indemnity or contribution. Dr. Miller demurred to the cross-complaint; the demurrer was sustained and the carrier appealed. On appeal, the trial court was affirmed.

In its discussion of the *Hoover* case on appeal, the Court initially observed that the plaintiff, the employer and the insurance carrier were all subject to the Workmen's Compensation Act which excludes all other remedies against the employer. The Court made no distinction between the employer and the insurance carrier even though G.S. § 97–10.1 makes no mention of the insurance carrier. Following, the Court referred to another section of the Act, G.S. § 97–26, which provides that the "employer" shall not be liable in damages for malpractice by a physician furnished by "him," but that the consequences of any such malpractice shall be deemed a part of the injury resulting from the accident, and shall be compensated for as such. Accordingly, the Court then stated, that "[I]njury or suffering sustained by an employee in consequence of the malpractice of a physician or surgeon furnished by the employer or carrier is not ground for an independent action under our statute . . . . In such event the employer and the carrier are primarily liable and the question of secondary liability is eliminated." *Hoover I, supra* at 163 S.E. 758, 759.

*Hoover I* is significant because the North Carolina Supreme Court applied the provisions of G.S. § 97–26 to the employer's insurance carrier. Section 97–26, like sections 97–9 and 97–10.1, makes no reference to the employer's insurance carrier, yet the North Carolina court extended the protection of G.S. § 97–26 to cover a negligent insurance carrier. Any doubt as to the course taken by the North Carolina court in *Hoover I*, was laid to rest in *Hoover II*. *Hoover II* involved a second action by the same plaintiff in *Hoover I* against the same insurance carrier. In this action, the plaintiff alleged a wholly independent negligence action against the carrier for negligently causing the intestate's death. The carrier demurred to the complaint. The

demurrer was overruled and the defendant appealed. On appeal, the North Carolina Supreme Court reversed the trial court. While basing its decision on another point, the Court, citing *Hoover I*, stated, that "[I]f by a most liberal construction of the . . complaint it could be held that the defendant is liable to the plaintiff . . . it would seem that the North Carolina Industrial Commission would have jurisdiction of the claim . . . ." *Hoover II*, supra at 174 S.E. 308, 309–310.

Implicit in the court's observation in *Hoover II* that the Industrial Commission would have jurisdiction over the plaintiff's claim for relief if the claim existed at all, is the further conclusion that the insurance carrier is not a "third party" within the meaning of G.S. § 97–10.2(a). This conclusion is inescapable by virtue of the fact that the Industrial Commission is without jurisdiction to hear and determine a claim against a "third party" who is not subject to the provisions of G.S. §§ 97–9 and 97–10.1. *Bryant, supra; Morse v. Curtis*, 276 N.C. 371, 172 S.E.2d 495 (1970).

In response to the defendant's position that the *Hoover* cases establish an identity between the employer and his insurance carrier, the plaintiff asserts that the statute under which these decisions were decided (G.S. § 97–26) is an exception to the general policy of the Workmen's Compensation Act which specifically reserves the rights of an injured employee to sue negligent third parties for damages arising out of his injuries. G.S. § 97–10.2. Were the plaintiff correct in this statement of the law; that is, that G.S. § 97–26 is an exception to all third party liability for malpractice which aggravates the employee's original injury, then the Court would be hard put to apply these decisions to the question at hand. However, the plaintiff's position in this regard has been authoritatively rebutted by a later North Carolina case which addressed that very point. *Bryant v. Dougherty, supra.*

In *Bryant*, an injured employee brought suit against the physician who had examined him at the request of his employer. In this action, the plaintiff alleged that the physician was negligent in treating his work related injury resulting in additional damage to him. The doctor denied that he was negligent in his treatment of the plaintiff and also set forth several other defenses to the plaintiff's claim. Specifically, the doctor asserted that he was entitled to the protection of the Workmen's Compensation Act as a bar to suit. The trial court concluded that the plaintiff's action was within the exclusive jurisdiction of the Industrial Commission and, as such, the suit was dismissed from the civil docket for lack of jurisdiction. On appeal, the North Carolina Supreme Court reversed the trial court and remanded the case to the Superior Court. In discussing the legal effect of G.S. § 97–26 on an action against a doctor charged with negligence in his treatment of an injured employee, the Court specifically declined to extend the protection of that statute to cover an action against a negligent "third party" who contributed to the employee's injuries. In reaching this conclusion, the Court stated, that "G.S. § 97–26 relates to the right of the employee to recover damages or benefits under the Act from the employer, and so from the insurance carrier of the employer. It does not impose liability upon the physician or surgeon or relieve him thereof." *Bryant, supra* at 148 S.E.2d 548, 552. The Court distinguished the *Hoover* decision by stating that it did not relate to the right of the injured employee to proceed against a doctor for damages due to negligent treatment, rather, the Court reiterated that the statute only precluded an independent action against the employer or carrier. Following this discussion of G.S. § 97–26, the Court referred to G.S. § 97–10.1 as excluding all other rights and remedies of the employee as against the employer when both have accepted and complied with the provisions of the Workmen's Compensation Act. The Court then stated, that "[O]bviously, this statute applies only to proceedings against the employer, and so against his insurance carrier." *Bryant, supra* at 148 S.E.2d 548, 553.

**934**

Considering the thrust of the *Hoover* and *Bryant* decisions, it becomes reasonably clear that North Carolina would not consider an employer's workmen's compensation insurance carrier to be a "third party" as referred to in G.S. § 97–10.2. If this were not so, then there would be little justification for the court's extension of G.S. § 97–26's coverage to include a negligent insurance carrier while, at the same time, holding a negligent physician liable as a "third party" under G.S. § 97–10.2 for the same type of conduct. Moreover, not only has the North Carolina court applied G.S. § 97–26 to cover a negligent insurance carrier, but further, the court has also held that an employee's exclusive remedy as against a negligent carrier is within the exclusive jurisdiction of the Industrial Commission, thus implicitly extending the coverage of G.S. §§ 97–9 and 97–10.1 to include the employer's insurance carrier. Accordingly, the Court concludes that there does exist persuasive authority in North Carolina to sustain the defendant's position that it is not a "third party" within the meaning of G.S. § 97–10.2 and, therefore, is immune to suit by virtue of the provisions of G.S. §§ 97–9 and 97–10.1.

In summary, the defendant has asked for a reconsideration of the Court's Memorandum and Order of March 2, 1976, in which the Court denied the defendant's motion for summary judgment upon its third defense and allowed the plaintiff's motion to dismiss the defendant's third defense. The cases the defendant has brought to the Court's attention by its motion for reconsideration provide a very substantial basis for the conclusion that the Court was incorrect in its earlier decision on the issue of an insuror's liability for damages in excess of the compensation provided for under the North Carolina Workmen's Compensation Act in a case involving the allegations presented by the plaintiff's complaint. Therefore, the Court has allowed the defendant's motion for a reconsideration of that ruling.

Now, after a thorough reconsideration of the defendant's motion for summary judgment and the plaintiff's motion to dismiss,

the Court concludes that its prior Order of March 2, 1976, should be vacated and the Memorandum entered therewith should be withdrawn. In reaching this decision, the Court is ever mindful of its duty to apply the law of North Carolina when resolving questions of substantive law which arise in diversity actions. As stated by Judge Winter in *Donohue v. Maryland Casualty Co.*, 248 F.Supp. 588, 591 (D.Md.1965), *aff'd*, 363 F.2d 442 (4th Cir. 1966), "[I]t is no part of the duty of this Court to attempt to lead or nudge the Maryland Court of Appeals into acceptance of legal doctrine which clearly does not stem from cases which it has adjudicated." This quotation is particularly appropriate inasmuch as the *Donohue* decision, while arising under Maryland law, involved virtually the identical issue presented in the present case and reached the same conclusion this Court is now embracing. Accordingly, the Court now concludes that the plaintiff's motion to dismiss the defendant's third defense should be denied and that the defendant's motion for summary judgment should be allowed.